ORIGINAL

**BAKER LAW PC**
G. Richard Baker (SBN 224003)
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233
205.714.7166
Richard@Bakerlawpc.com

*Attorney for Plaintiff*

FILED
08 MAY -2 PM 3:42
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Heidi Hitt,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

Arizona Beverage Co., LLC, Hornell Brewing Company, Inc. and Ferolito, Vultaggio & Sons, Inc,

Defendants.

CIVIL ACTION CASE NO:

'08 CV 0809 WQH POR

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*, 17500 *ET SEQ,* AND THE CONSUMERS LEGAL REMEDIES ACT ("CLRA") CIVIL CODE § *1750 ET SEQ.***

Request For a Jury Trial Of All Issues Triable By A Jury

BY FAX

**CLASS ACTON COMPLAINT**

Plaintiff, by and through undersigned counsel, brings this action both on her own behalf and on behalf of two classes defined below ("Class A" and "Class B") comprised of all other individuals similarly situated within the State of California, pursuant to California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL"), California's False Advertising Law Business and Professions Code §§ 17500, *et seq.* ( "FAL") and The Consumers Legal Remedies Act Civil Code § 1750, *et seq.* ("CLRA"), against Defendants Arizona Beverage Co., LLC ("Arizona"), Hornell Brewing Company, Inc. ("Hornell") and Ferolito, Vultaggio & Sons, Inc. ("Ferolito").

Hereinafter, Arizona, Hornell and Ferolito may be referred to, collectively, as "Defendants." Plaintiff asserts that the Defendants engaged in the unfair, unlawful, deceptive and fraudulent practice of describing their AriZona Tea drink products as "100% Natural" "Natural" or "All Natural" (hereinafter referred to, collectively, as "All Natural") when these drink products contain one or more non-natural or artificial ingredients, such as High Fructose Corn Syrup ("HFCS"). Hereinafter, these AriZona drink products will be referred to, collectively, as the "All Natural Products".

In addition, Defendants engaged in the unfair, unlawful, deceptive and fraudulent practice of listing fruit(s) in the name of certain of their drink products, when in fact these drink products do not contain any significant amount of the fruit listed in the product's name (the "Fruit Products"). For example, while one drink product manufactured and sold by the Defendants is named "No Carb Blueberry Green Tea", that drink product does not have blueberry juice of any kind listed as an ingredient it. Another product is called "No Carb White Cranberry & Apple Green Tea". The packaging does not list cranberry or apple as ingredients.

## I. INTRODUCTION

1. Plaintiff brings this action both on her own behalf and on behalf of two putative Classes she seeks to represent to redress Defendants' deceptive, misleading and untrue advertising and unlawful, unfair and fraudulent business acts and practices related to the manufacture, marketing, advertising, sale and distribution of the Defendants' "All Natural Products" and "Fruit Products".

2. As discussed in detail below, as part of a scheme to make their "All Natural Products" more appealing to consumers, boost sales and increase profits, Defendants prominently stated in marketing, advertising, labeling and packaging that their products were "All Natural." Indeed, Defendants' website www.drinkarizona.com proclaims "100% Natural" on the very introductory screen. (See Exhibit B).

3. A reasonable consumer would, therefore, be under the impression and belief that all of the Defendants' AriZona drink products are "All Natural". This belief is further reinforced by Defendants' mantra "Here's to your health", which is also prominent in their advertising and marketing materials and on their website.

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

4. Terms such as "All Natural" are used by manufacturers, such as the Defendants, to induce consumers, such as the Plaintiff and the members of the putative classes, into believing that the product being described contains only naturally occuring ingredients, does not contain chemically altered or man-made ingredients and, therefore, that the product is a more healthy choice than competing products.

5. By using this "All Natural" marketing strategy, the Defendants are implying that their products are superior to, better than, and more nutritious than competing products.

6. As part of a scheme to make their AriZona drink products more attractive to consumers, boost their sales and ultimately increase their profits, Defendants also marketed, advertised, labeled and packaged several drink products with the name of fruits, such as "Blueberry" and "Cranberry and Apple", prominent in the product's name.

7. The Defendants' use of the name of a fruit in a drink name is designed to induce consumers into believing that the product being described contains a substantial amount of the named fruit. This was done to induce consumers into believing that they were making a healthy choice when they purchased these products, and to foster the belief that these products were superior to, better, and more nutritious than competing products.

8. As a direct result of its misleading, deceptive, and untrue advertising and its unlawful, unfair and fraudulent business practices related to both the "All Natural Products" and the "Fruit Products", Defendants caused Plaintiff and other members of the Classes to purchase, purchase more of, or pay more for, these AriZona products.

9. Plaintiff and the members of the putative Classes would have made different purchasing decisions had they known that the "All Natural Products" contained one or more non-natural or artificial ingredient(s), such as High Fructose Corn Syrup, which has in turn caused Plaintiff and the Classes injury.

10. Similarly, Plaintiff and the members of the putative Classes would have made different purchasing decisions had they known that the "Fruit Products" did not contain a substantial amount of the fruit listed in the product name, which has in turn caused Plaintiff and the Classes to incur millions of dollars in losses.

## II. PARTIES

11. Plaintiff Heidi Hitt ("Plaintiff" or "Plaintiff Hitt") is an individual adult resident citizen of San Diego County, California.

12. Plaintiff Hitt has been a consumer of both the "All Natural Products" and the "Fruit Products" made the basis of this complaint.

13. Plaintiff Hitt has purchased the offending products for her own consumption in San Diego County, California and elsewhere during the period of time relevant to this action.

14. Plaintiff is a "consumer" and a "real party in interest" as required to bring this action and as set out in Civil Code § 1780(a). Moreover, Plaintiff suffered damage and injury as a result of Defendants conduct as alleged above.

15. Defendant, Arizona Beverage Co., Inc, (hereinafter "Arizona") is a New York corporation/company with its principal executive offices located in Lake Success, New York. This Defendant advertises markets, sells and distributes the products at issue throughout the United States, including in this Judicial District.

16. Defendant Hornell Brewing Company, Inc. (hereinafter "Hornell") is a New York corporation/company with its principal executive offices located in White Plains, New York. This Defendant advertises markets, sells and distributes the products at issue throughout the United States, including in this Judicial District.

17. Defendant, Ferolito, Vultaggio & Sons, Inc. (hereinafter "Ferolito") is a New York corporation with its principal executive offices located in Lake Success, New York. This Defendant advertises markets, sells and distributes the products at issue throughout the United States, including in this Judicial District.

## III. JURISDICTION AND VENUE

18. The claims made by the Plaintiff on behalf of herself and other members of Class A and Class B are brought pursuant to the UCL, the FAL and the CLRA for relief including, injunctive relief and restitution well in excess of $5,000,000.00, exclusive of interests and costs. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332(d)(2).

19. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

U.S.C. § 1332(d)(2)(A), 28 U.S.C. § 1332(a)(1) and 29 U.S.C. § 1367.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events, omissions and harm occurred to Plaintiff in San Diego County.

21. Plaintiff is a resident citizen of San Diego County, California, and thus a resident citizen of this Judicial District. The affidavit of Plaintiff Hitt is filed concurrently with this Complaint as Exhibit A.

22. Defendants market, sell, and distribute their products in this Judicial District and is therefore, subject to personal jurisdiction in this Judicial District.

## IV FACTUAL ALLEGATIONS

23. This action seeks redress for Defendants' deliberate and unlawful mislabeling and misbranding of drink products as being "All Natural", "Natural" "100% Natural" or similar misrepresentations of AriZona products which contain one or more non-natural or artificial ingredients, such as High Fructose Corn Syrup ("HFCS").

24. Plaintiff also seeks redress for Defendants' deliberate and unlawful mislabeling and misbranding of drink products that do not contain a substantial amount of the fruit identified in the product's name.

25. Defendant Arizona is in the business of producing and marketing beverage products to the general public throughout the United States and in many foreign countries.

26. Defendant Hornell is in the business of producing and marketing beverage products to the general public throughout the United States and in many foreign countries.

27. Defendant Ferolito is a major beverage producer in the United States. Defendant Ferolito is in the business of producing and marketing beverage products to the general public throughout the United States and in many foreign countries.

28. The websit and the label on the "All Natural Products" at issue contain the words "All Natural", "100% Natural", "Natural" or similar phrases. However, these products are not "Natural" because they contain one or more non-natural or artificial ingredient(s), including a highly processed and man-made sugar substitute known as High Fructose Corn Syrup ("HFCS"), which is listed on the ingredient list of the containers. (See Exhibit B).

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

29. HFCS does not occur naturally, instead it is produced by milling corn to produce corn starch, then processing that corn starch to yield corn syrup, which is almost entirely glucose, and then adding enzymes which change the glucose to fructose. The resulting syrup (after enzyme conversion) contains 90% fructose and is known as HFCS 90. To make the other common forms of HFCS, the HFCS 90 is mixed with 100% glucose corn syrup in the appropriate ratios to form the desired HFCS. HFCS 55 is commonly used to sweeten soft drinks and other processed foods. The enzyme process which changes the 100% glucose corn syrup into HFCS 90 is complicated and requires at least three steps.

30. First, cornstarch is treated with alpha-amylase to produce shorter chains of sugars called oligosaccharides.

31. Second, glucoamylase breaks the sugar chains down even further to yield the simple sugar glucose.

32. Third, Xylose isomerase converts glucose to a mixture of about 42% fructose and 50-52% glucose with some other sugars mixed in.

33. Defendants use HFCS in their products for a variety of reasons, all of which benefit their monetary interests. First, HFCS is often cheaper to use than alternative sweeteners due to the relative abundance of corn and the relative lack of sugar beets, as well as farm subsidies and sugar import tariffs in the United States. Second, HFCS is also easier to blend and transport because it is a liquid. Third, HFCS usage leads to products with a much longer shelf life.

34. The complicated process used to create HFCS does not occur in nature; in fact, no HFCS existed before 1957, the year that the process to create it was invented. Therefore, any product containing HFCS cannot be "All Natural", "100% Natural" or "Natural."

35. Furthermore, the molecules in HFCS (and Defendants' "All Natural Products") were not extracted from natural sources, but instead were created through enzymatically catalyzed chemical reactions in factories.

36. When one examines the process used to create HFCS, it is obvious why it is misleading to consumers to label products that contain HFCS as "Natural".

37. Because HFCS is a man-made product that does not occur in Nature, its use in

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

Defendants' products which are labeled "Natural", "All Natural" "100% Natural" or similar language is deceptive and misleading to consumers, including the Plaintiff and the members of the Classes which she seeks to represent.

38. Defendants represent to consumers that their products are "Natural",when they are not because they contain one or more non-natural, man-made or artificial ingredient(s).

39. Similarly, the Defendants market, fruit products such as "No Carb Blueberry Green Tea" that do not contain any substantial amount of the fruit named on the label. The same is true of Defendants "No Carb White Cranberry & Apple Green Tea" fruit drink product. (See Exhibit C).

40. Because these drink products prominently list the name of a fruit or fruits, but do not contain a substantial amount of the labeled fruit(s), consumers such as the Plaintiff and the members of the Classes which she seeks to represent are reasonably misled and deceived.

41. The Defendants' culpability is exacerbated by claims, such as those found on the Defendants' website, of the health benefits of consuming their Arizona drink products. For example, the Defendants' website states "Here's to your health" and similar phrases intended to mislead any reasonable consumer about the health benefits of their drink products. In addition, the Defendants market products such as "AriZona Energy Herbal Tonic" and "AriZona Rx Stress Tea" which are clearly designed to deceive consumers into believing that these drink products are healthy and natural drinks.

42. Defendants do not mention that the "All Natural Products" contain one or more non-natural or artificial ingredients, including HFCS, except in inconspicuous and hard-to-read type in the "Ingredients" statement on the back or sides of these products. They also never disclose that HFCS is not a naturally occuring ingredient.

43. Defendants also sell "Fruit Products" which prominently incorporate the name of a fruit, such as "No Carb Blueberry Green Tea" and "No Carb White Cranberry & Apple Green Tea", while failing to mention that these products do not contain any significant amounts of the fruit named on the label.

44. Defendants are purposefully manipulating the labeling of the products in violation of the UCL, FAL and CLRA.

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

45. Plaintiff Hitt purchased several of the Defendants' "All Natural Products" and "Fruit Products" during the "Class Period" covered by this complaint.

46. In making these purchases, Plaintiff was looking for a healthy and natural product.

47. Plaintiff Hitt relied on the representations that the "All Natural Products" she purchased were "All Natural" and reasonably assumed that this representation indicated that these products contained either ingredients found in nature or ingredients minimally processed from things found in nature. Plaintiff Hitt did not know that the Defendants' products contained one or more non-natural or artificial ingredients, including HFCS. Plaintiff does not consider HFCS to be a "natural" ingredient.

48. Plaintiff also relied on the representations that Defendants' "Fruit Products" which she purchased contained a substantial amount of the named fruit and reasonably assumed that this representation prominently displayed as part of the product name indicated that these products contained a significant amount of that fruit. Plaintiff did not know that "Fruit Products" did not contain any actual fruit of the kind named on the label.

49. Plaintiff Hitt naturally and reasonably relied on the labels and advertising created by the Defendants and did not double-check those representations against the ingredient list in small type on the back of the container.

50. Had Plaintiff not been deceived by the labels on the products she purchased, she would not have purchased these products.

## V. <u>CLASS ACTION ALLEGATIONS</u>

51. Plaintiff brings this class action for California consumers pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and all members of a the following two classes comprised of:

> **Class A: All persons in California who purchased any of Defendants' "All Natural Products" which contained High Fructose Corn Syrup during the "Class Period" and which were marketed, advertised or labeled as being "All Natural", "Natural" or "100% Natural".**
>
> **Class B: All persons in California who purchased any of Defendants' "Fruit Products" during the "Class Period"which included the name of a fruit in the product name but which did not contain a substantial amount of that fruit.**

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

52. Excluded from the Classes are employees and agents of Defendants, the Judge and his/her relatives back to the 2nd degree of affinity, officers and directors of any Defendant, and counsel for Plaintiff and the Classes.

53. The "Class Period" is defined as being the four (4) years immediately preceding the filing of this action.

54. Plaintiff avers that the proposed classes are so numerous that joinder of all members is impracticable. Upon information and belief, Plaintiff alleges that there are tens of thousands of members in each of the proposed classes.

55. There are many common questions of law and fact involving and affecting the parties to be represented.. These common questions of law or fact predominate over any questions affecting only individual members of the Classes. Common questions include, but are not limited to, the following:

a. Whether Defendants misrepresent the ingredients, characteristics or other aspects of their "All Natural Products" and/or "Fruit Products";

b. Whether Defendants mislabel their "All Natural Products" and/or "Fruit Products";

c. Whether Defendants' misrepresentations are unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

d. Whether Defendants' mislabeling of their products constitutes unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

e. Whether Defendants' mislabeling of the products is unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

f. Whether Defendants' misrepresentations are unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;.

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

g. Whether Defendants' knew, or by the exercise of reasonable care should have known, that their misrepresentations and mislabeling of their products were untrue or would be misleading to a reasonable consumer;

h. Whether Defendants knowingly and intentionally concealed from Plaintiff and members of Class A and Class B that their "All Natural Products" and/or "Fruit Products" were mislabeled and that the ingredients were misrepresented;

I. Whether Defendants engaged in unfair and deceptive conduct in violation of California Civil Code section 1750, *et seq.*

j. Whether Defendants engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(5) which prohibits: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

k. Whether Defendants engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

l. Whether Plaintiff and other members of the proposed Classes have been injured or suffered losses and, if so, the extent of their injury or loss;

m. Whether Defendants should be enjoined from engaging in the conduct complained of herein; and,

n. Whether Defendants have been unjustly enriched through the wrongful conduct set forth herein.

56. Plaintiff's claims as representative of the Class A and Class B are typical of the claims of the absent class members. Plaintiff will fairly and adequately protect the interests of the two Classes, and has retained attorneys experienced in class and complex litigation as her counsel.

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

57. The prosecution of individual actions by members of Class A or Class B would create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the Classes which would establish incompatible standards of conduct for Defendants; and (2) adjudications with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

58. Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the advertising, marketing and labeling of Defendants' "All Natural Products" and "Fruit Products".

59. Plaintiff avers that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the members of Class A and Class B predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversies which are the subject of this action.

60. Plaintiff further states that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the proposed Classes will not be difficult.

## VI. FIRST CAUSE OF ACTION

(Business and Professions Code § 17500, *et seq*. - Misleading and Deceptive Advertising)

61. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

62. Plaintiff asserts this cause of action for violations of California Business and Professions Code §17500, *et seq*. for misleading and deceptive advertising against Defendants.

63. At all material times, Defendants have engaged in a scheme of offering for sale "All Natural Products" to Plaintiff and other members of Class A by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements, and other promotional materials. These "All Natural Products" actually contain HFCS, an artificial and man-made ingredient.

64. In addition, Defendants have engaged in a scheme of offering for sale "Fruit Products" to Plaintiff and other members of Class A by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements, and other promotional materials. These "Fruit Products" do not contain a substantial amount of the fruit named.

65. Said labeling and other representations were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq*. in that such promotional materials and product labeling are intended as inducements to purchase the products and are statements disseminated by Defendants to Plaintiff and the members of Class A and Class B and are intended to reach these consumers.

66. Defendants knew, or in the exercise of reasonable care should have known, that these statements would be misleading and deceptive to the reasonable consumer.

67. In furtherance of said plan and scheme, Defendants have manufactured and distributed within the State of California, via the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials containing statements that falsely advertise the true nature of their "All Natural Products" and "Fruit Products".

68. The "All Natural Products" contain an artificial man-made sweetener, HFCS.

69. The "Fruit Products" do not contain a substantial amount of the fruit listed in the product's name.

70. Consumers, including Plaintiff and the members of Class A and Class B, necessarily and reasonably relied on the label and other marketing materials for these products.

71. Consumers, including Plaintiff and the members of Class A and Class B, were among the intended targets of these representations and statements.

72. The above acts of Defendants, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiff and members of Class A and Class B, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Classes by obfuscating the nature of the ingredients of the "All Natural Products" and "Fruit Products", all in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq*.

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

73. As a result of the above violations of the misleading prong of Business and Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of Plaintiff and the other members of Class A and Class B.

74. Plaintiff and the members of Class A and Class B, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for the "All Natural Products" or "Fruit Products" as a result of the wrongful conduct of Defendants.

75. WHEREFORE, Plaintiff prays for relief, for herself and for the members of Class A and Class B, as set forth below.

## VII. SECOND CAUSE OF ACTION

(Business and Professions Code § 17500, *et seq.* - Untrue Advertising)

76. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference therein.

77. Plaintiff asserts this cause of action for violations of California Business and Professions Code § 17500, et seq. for untrue advertising against Defendants.

78. At all material times, Defendants have engaged in a scheme of offering for sale "All Natural Products" to Plaintiff and the other members of Class A, and "Fruit Products" to Plaintiff and the other members of Class B by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements and other promotional materials.

79. The "All Natural Products" contain an artificial man-made sweetener, HFCS.

80. The "Fruit Products" do not contain a substantial amount of the fruit listed in the product's name.

81. Consumers, including Plaintiff and the members of Class A and Class B, necessarily and reasonably relied on the label and other marketing materials for these products.

82. Consumers, including Plaintiff and the members of Class A and Class B, were among the intended targets of these representations and statements.

83. The above acts of Defendants, in disseminating said misleading and deceptive

representations and statements throughout the State of California to consumers, including Plaintiff and members of Class A and Class B, were and are likely to deceive reasonable consumers, including Plaintiff and other members of the Classes, by obfuscating the nature of the ingredients of the "All Natural Products" and "Fruit Products", all in violation of the "untrue" prong of California Business and Professions Code §17500, *et seq.*

84. Plaintiff and the members of Class A and Class B, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore to any person in interest any money paid for the "All Natural Products" or "Fruit Products" as a result of the wrongful conduct of Defendants.

85. WHEREFORE, Plaintiff prays for relief, for herself and for the members of Class A and Class B, as set forth below.

## VIII. <u>THIRD CAUSE OF ACTION</u>

(Business and Professions Code § 17200, *et seq.* - Unlawful Business Acts and Practices)

86. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

87. Such acts of Defendants, as described above, and each of them, constitute unlawful business acts and practices.

88. Manufacturing, marketing, advertising, selling and distributing the "All Natural Products" when, in fact, they contain the artificial man-made ingredient HFCS, is unlawful.

89. Manufacturing, marketing, advertising, selling and distributing the "Fruit Products" which, in fact, do not contain a substantial amount of the named fruit, is unlawful.

90. The business practices alleged above are unlawful under the Consumers Legal Remedy Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"), which also forbids deceptive advertising, among other things.

91. The business practices alleged above are unlawful under Business and Professions Code §17200, *et seq.* by virtue of violating Business and Professions Code §17500, *et seq.*, which forbids untrue advertising and misleading advertising.

BAKER LAW PC
700 Twenty North Street South
201 Avon Place
Birmingham Alabama 35233

92. The business practices alleged above are also unlawful as a breach of an express warranty under California Commercial Code § 2313 and as a breach of implied warranty of fitness for a particular purpose under California Commercial Code § 2315.

93. As a result of the wrongful business practices described above, Plaintiff and the members of Class A and Class B, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct of Defendants.

94. The above-described unlawful business acts and practices of Defendants, and each of them, present a reasonable likelihood of deception to Plaintiff and members of Class A and Class B in that Defendants have systematically perpetrated and continue to perpetrate such acts or practices upon members of the Classes by means of misleading advertising and marketing.

95. WHEREFORE, Plaintiff prays for relief, for herself and for the members of Class A and Class B, as set forth below.

## IX. <u>FOURTH CAUSE OF ACTION</u>

(Business and Professions Code § 17200, *et seq.* - Unfair Business Acts and Practices)

96. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

97. Such acts of Defendants, as described above, and each of them, constitute unfair business acts and practices.

98. Plaintiff, and other members of Class A who purchased any of the "All Natural Products" suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendants' unfair advertising, by virtue of buying more of these products they would have absent Defendants' unfair advertising, or by paying more for these products than they would have absent the Defendants' unfair advertising.

99. Plaintiff, and other members of Class B who purchased any of the "Fruit Products" suffered a substantial injury by virtue of buying a product they would not have purchased absent

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

Defendants' unfair advertising, by virtue of buying more of these products they would have absent Defendants' unfair advertising, or by paying more for these products than they would have absent the Defendants' unfair advertising.

100. There is no benefit to consumers or competition by falsely advertising these products. Indeed, the harm to consumers and competition is substantial.

101. Plaintiff and other members of Class A who purchased the "All Natural Products" had no way of reasonably knowing that Defendants products were not "All Natural", as labeled and otherwise advertised.

102. Plaintiff and the other members of Class B who purchased the "Fruit Products" had no way of knowing that these product did not contain any substantial amount of the fruit in the product name.

103. Thus, these consumers could not have reasonably avoided the injury each of them suffered.

104. The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiff and other members of the Classes.

105. As a result of the business acts and practices described above, Plaintiff and the members of Class A and Class B, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct of Defendants.

106. WHEREFORE, Plaintiff prays for relief, for herself and for the members of Class A and Class B, as set forth below.

## X. <u>FIFTH CAUSE OF ACTION</u>

(Business and Professions Code § 17200, *et seq.* - Fraudulent Business Acts and Practices)

107. Plaintiff repeats each and every allegation contained in the paragraphs above and

incorporate such allegations by reference herein.

108. Such acts of Defendants as described above, and each of them, constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

109. As more fully described above, the labeling of the "All Natural Products"is likely to deceive reasonable California purchasers, such as the Plaintiff and the members of Class A.

110. As more fully described above, the labeling of the "Fruit Products" is likely to deceive reasonable California consumers, such as the Plaintiff and the members of Class B,

111. Indeed, Plaintiff and other members of Class A were unquestionably deceived into believing the products they purchased were "All Natural", when in fact, they contained an artificial man-made ingredient, HFCS.

112. Plaintiff and the members of Class B were also deceived into believing that the products they purchased contained a substantial amount of the fruit listed in the name of the product.

113. Said acts are fraudulent business acts and practices.

114. This fraud and deception caused Plaintiff and members of the Classes to purchase the products in question, to purchase more of the products than they would have, or to pay more than they would have, had they known the true nature of the products.

115. As a result of the business acts and practices described above, Plaintiff and the members of Class A and Class B, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendants, and each of them, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money paid for the products at issue as a result of the wrongful conduct of Defendants.

116. WHEREFORE, Plaintiff prays for relief, for herself and for the members of Class A and Class B, as set forth below.

## XI. <u>SIXTH CAUSE OF ACTION</u>

(California Civil Code § 1750, *et seq.* - The Consumers Legal Remedies Act)

(Injunctive and Declarative Relief Only)

117. Plaintiff incorporates by reference each preceding paragraph as though fully set forth at

BAKER LAW PC
700 Twenty-Ninth Street South
701 Avon Place
Birmingham Alabama 35233

length herein.

118. Plaintiff brings this action pursuant to California's Consumer Legal Remedies Act ("CLRA") California Civil Code § 1750, et seq.

119. The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful." At this time, Plaintiff, for herself and on behalf of the members of Class A and Class B seeks only injunctive relief under the CLRA.

120. By this action, Plaintiff seeks to enjoin the unfair, unlawful, and deceptive acts and conduct of the Defendants as more fully described above.

121. The "All Natural Products" and "Fruit Products" at issue are "goods" as defined by the CLRA in California Civil Code § 1761(a).

122. Defendants are "persons" as defined by the CLRA in California Civil Code § 1761 ©).

123. Plaintiff and Members of Class A and Class B are "consumers" as defined by the CLRA in California Civil Code § 1761(d).

124. The buying of the "All Natural Products" by Plaintiff and the members of Class A are "transactions" as defined by California Civil Code § 1761(e).

125. The buying of the "Fruit Products" by Plaintiff and the members of Class B are "transactions" as defined by California Civil Code § 1761(e).

126. The mislabeling of the "All Natural Products" and "Fruit Products" is prohibited pursuant to the CLRA, since they are "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

127. Defendants engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "All Natural Products", when in fact these products contain HFCS, an artificial man-made ingredient that does not occur in nature.

128. Defendants engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "Fruit Products", when in fact these products do not contain a substantial amount of the fruit listed in the product name.

129. This unfair and deceptive conduct is a violation of California Civil Code § 1770(a)(5),

BAKER LAW PC
700 Twenty Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

which prohibits "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

130. This unfair and deceptive conduct is also a violation of California Civil Code § 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

131. The Defendants' unfair and deceptive acts and conduct have violated, and continue to violate, California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*, because they extend to transactions that are intended to result, or have resulted, in the sale or lease of goods or services to consumers, including the Plaintiff and the members of Class A and Class B.

132. As a direct and proximate cause of Defendants' unfair and deceptive acts or practices, Plaintiff and the members of Class A and Class B have suffered damages in that they purchased misbranded products they would not have bought, purchased more of these products than they would otherwise have bought, or paid more for these products than they would have if these products had been honestly advertised and labeled.

133. Plaintiff and the members of Class A and Class B seek the following relief under the CLRA for the unfair and deceptive acts and conduct of the Defendants:

a. Preliminary and permanent injunctive relief against the Defendants' unfair and deceptive acts and conduct.

134. In addition, on May 2, 2008, Plaintiff served the Defendants by certified mail return receipt requested, with notice and demand to correct, repair, replace or otherwise rectify the unlawful, unfair, false and deceptive practices complained of herein, as required by the CLRA in California Civil Code § 1782.

135. If Defendants fail to do so within thirty (30) days of that demand, Plaintiff, individually and on behalf of the class will amend this complaint to seek the following relief as allowed under California Civil Code § 1780.

a. Actual damages of not less than One Thousand Dollars ($1,000) per class member.

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

b. Restitution.

c. Punitive damages.

d. Costs of the action, and reasonable attorneys' fees, pursuant to California Civil Code § 1780(d).

e. Any other relief which the Court deems proper.

## XII. RELIEF DEMANDED

A. An Order certifying that the action be maintained as a class action with regard to both Class A and Class B, and that the Plaintiff may serve as representative of these Classes;

B. For a preliminary and permanent injunction enjoining Defendants from advertising, representing, or otherwise holding out for sale within the State of California, any products which contain HFCS as being "All Natural", "100% Natural" or "Natural";

C. For a preliminary and permanent injunction enjoining Defendants from advertising, representing, or otherwise holding out for sale within the State of California, any "Fruit Product" unless the label and packaging of said product is changed, altered or modified to clearly state that it does not contain any substantial quantity of the fruit listed in the product name;

D. An Order requiring Defendants to provide a form of corrective advertising designed to correct the misrepresentations, misstatements and omissions made in the marketing, advertising, packaging and other promotional materials related to their "All Natural Products" and "Fruit Products";

E. For a judgment of the Court to restore, by way of restitution, refund or reimbursement, to any person in interest, any money acquired by means of Defendants' untrue, deceptive or misleading advertising and/or unfair, unlawful or fraudulent business acts and practices described herein;

F. Disgorgement of the excessive and ill-gotten monies obtained by Defendants as a result of the untrue and misleading advertising and unlawful, unfair or fraudulent business acts and practices described herein;

G. For an award of attorney fees pursuant to, *inter alia*, Code of Civil Procedure §§ 1021.5 and 1032;

H. For costs of suit herein incurred pursuant to Code of Civil Procedure § 1033.5;

I. Pre and post-judgment interest; and/or

BAKER LAW PC
700 Twenty-Ninth Street South
201 Avon Place
Birmingham, Alabama 35233

J. For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

Dated: May 2, 2008

**BAKER LAW**
A Professional Corporation

By [signature]
G. RICHARD BAKER(SBN 224003)
Attorney for Plaintiff, Individually and On Behalf of All Others Similarly Situated

**ANGWIN LAW FIRM**
Edward E. Angwin (*pro hac* to be filed)
2229 First Avenue North
Birmingham, Alabama 35203
205.241.9608

**JACKSON & TUCKER PC**
K. Steven Jackson (*pro hac* to be filed)
Joseph L. Tucker (*pro hac* to be filed)
2229 First Avenue North
Birmingham, Alabama 35203
205.252.3535

**LAW OFFICE OF ANNA DEAN FARMER, P.C.**
Anna Dean Farmer (*pro hac* to be filed)
440 Louisiana, Suite 900
Houston, Texas. 77002
713.965.0095

**THE GILBERT LAW FIRM**
Christopher K. Gilbert (*pro hac* to be filed)
2223 Cheshire Lane
Houston, TX 77018
832.541.3747

# EXHIBIT A

# AFFIDAVIT OF HEIDI HITT

Before me, the undersigned authority, personally appeared Heidi Hitt who, after being first duly sworn by me, deposes and states under oath that he has personal knowledge of the following:

1. At all time relevant to these proceedings my residence has been and continues to be the following:

Heidi Hitt
1069 Eucalyptus Avenue
Vista, CA 92084

2. I purchased the products at issue in San Diego County.

3. I am the Plaintiff in Hitt v. Arizona Beverage Co. LLC et al, which is being filed concurrently with this affidavit, in the United States District Court For the Southern District of California.

FURTHER AFFIANT SAITH NOT.

AFFIANT – Heidi Hitt

STATE OF Calif. )
COUNTY OF San Diego )

SWORN TO AND SUBSCRIBED before me this 28 day of April, 2008.

Notary Public

My Commission expires: Oct 2009

OFFICIAL SEAL
ROBERT JAY KOHLSTEDT
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1618307
SAN DIEGO COUNTY
MY COMM. EXP. OCT. 6, 2009

# EXHIBIT B


http://www.drinkarizona.com/
ASK AZ
GREEN TEA
GO FOR THE GREEN. GREEN TEA THAT IS.
In recent years, people in the West (that's us) have discovered what people in the Far East have known for centuries. Green tea is good for you. At AriZona, we've made it our mission not to mess with success. Choose any variety and you'll get all the healthful benefits of green tea. We just make 'em taste better.


http://www.drinkarizona.com/

AriZona REVIVING BEAUTY AND TASTE



Click to enlarge.

**AriZona Green Tea with Ginseng & Honey**

| Nutrition | |
|---|---|
| **Typical Values** | **Per 100 mL** |
| Energy | 29 kCal |
| Total Fat | 0 g |
| Sodium | 8 mg |
| Total Carbohydrate | 7 g |
| of which Sugars | 7 g |
| Protein | 0 g |

**Ingredients:** premium brewed green tea using filtered water, high fructose corn syrup, honey, citric acid, natural flavours, ginseng extract, ascorbic acid

## AriZona Green Tea

Uniquely delicious, refreshing and out of this world.

The goodness of green tea is further enhanced by the additions of Ginseng and Honey; and enclosed in a beautiful bottle for you to cherish

**Next>>**

HOME BUY HEALTH RANGE NEWS CONTACT

Privacy Policy. © 2006 American Drinks Limited. Terms of Use.




Close


http://www.drinkarizona.com/
AriZona
Sweet Tea
An American Beverage Co.


http://www.drinkarizona.com/
AriZona
ASK AZ
PEACH TEA
Think about how good it feels to bite into a ripe, cold peach. Well, you'll have that same feeling when you taste our smoothly sweet AriZona Peach Tea. Made with real black tea and real peach juice, this refreshing drink goes down easy with a brisk, clean finish.
YOU SAID IT:
Brant B., Chardin, OH
15mg
VERY LOW
NO
JUMP TO ANOTHER VARIETY
SELECT A FLAVOR!
NUTRITION | SIZES | RATE IT!


ARIZONA QUALITY SEAL


6 13008 71508 3
AriZon MON ICED TEA
100% ALL NATURAL • NO PRESERVATIVES
SHAKE WELL • REFRIGERATE AFTER OPENING
CA CRV HI-ME 5¢ DEP.
For more information about AriZona call 1-800 TEA 3775.
INGREDIENTS: PREM
USING FILTERED WA
FRUCTOSE CORN SY
NATURAL LEMON FLA
MANUFACTURED FO
FEROLITO, VULTAG
LAKE SUCCESS, NY
© BEVERAGE MARKE
Sugars 24g,
Vitamin A 0%,
Calcium 0%, Iron 0%.
Daily Values (DV) are
a 2,000 calorie diet.


NO PRESE
TIVES
100%
ARIZO
UALITY SEAL
RAL



# EXHIBIT C

# AriZona ROUND AND MELLOW



Click to enlarge.

**AriZona No Carb White Cranberry & Apple Green Tea**

| Nutrition | |
|---|---|
| **Typical Values** | **Per 100 mL** |
| Energy | 2 kCal |
| Total Fat | 0 g |
| Sodium | 8 mg |
| Total Carbohydrate | 0 g |
| of which Sugars | 0 g |
| Protein | 0 g |

**Ingredients:** premium brewed green tea using filtered water, sorbitol, natural flavours, malic acid, citric acid, sucralose, acesulfame potassium

## AriZona No Carb Apple

Low in calories, zero in sugars - it relieves thirst at the *very* first gulp.

Our White Cranberry Apple Green Tea is apply, tangy, and a terrific "thirst-quencher".

Ideal for any outdoor activity or watching over your favourite sport.

<<Previous | Next>>

HOME BUY HEALTH RANGE NEWS CONTACT

Privacy Policy. © 2006 American Drinks Limited. Terms of Use.




Close

# AriZona

SUBTLE IN FRUITY NOTES



Click to enlarge.

**AriZona No Carb Blueberry Green Tea**

| **Nutrition** | |
|---|---|
| **Typical Values** | **Per 100 mL** |
| Energy | 4 kCal |
| Total Fat | 0 g |
| Sodium | 8 mg |
| Total Carbohydrate | 1 g |
| of which Sugars | 0 g |
| Protein | 0 g |

**Ingredients:** premium brewed green tea using filtered water, sorbitol, natural flavours, citric acid, black carrot extract, sucralose, acesulfame potassium

## AriZona No Carb Blueberry

Light in calories, zero in sugar; but you need *not* be in a diet to enjoy this wonderful flavour.

The drink is characterized by a *mild* aroma - distinctive of *Spring Blossoms*.

Our Blueberry Green Tea is *ideal* for any outing or picnic in the countryside.

<<Previous



Privacy Policy.

© 2006 American Drinks Limited.

Terms of Use.

**Richard Baker**

**From:** Ed Angwin [ed@angwinlaw.com]
**Sent:** Friday, May 02, 2008 1:44 PM
**To:** 'Richard Baker'
**Cc:** 'Josh Tucker'
**Subject:** RE: Final Complaint

Serve

I looked at Calif. Secty of state and only defendant I found was:

(1) HORNELL BREWING COMPANY, INC. c/o GKL CORPORATE/SEARCH, INC. 915 L ST STE 1250 SACRAMENTO, CA 95814

Suggest we use that and serve Arizona and Ferolito in NY:

(2) Arizona Beverage Company, LLC
C/O CORPORATE SERVICE BUREAU INC.
283 WASHINGTON AVENUE
ALBANY, NEW YORK, 12206

Serve These

(3) Ferolito, Vultaggio & Sons, Inc.
C/O John Ferolito
5 Dakota Drive
Suite 205
Lake Success, NY 11042

Edward E. Angwin
Angwin Law Firm
The Black Diamond Building
2229 First Avenue North
Birmingham, AL 35203
Office: (205) 241-9608
Fax: (205) 241-9698
Cell: (205) 370-8768
ed@angwinlaw.com
www.angwinlaw.com

This message is intended only for the use of the individual or entity to whom or which it is intended to be addressed, and this message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. Please delete the message and attachments without printing, copying, forwarding or saving them. If you have received this communication in error, please notify us immediately by replying to the sender of this communication or by telephone.

---

**From:** Richard Baker [mailto:richard@bakerlawpc.com]
**Sent:** Friday, May 02, 2008 1:24 PM
**To:** 'Ed Angwin'
**Subject:** RE: Final Complaint

Can you send again or is not handy? What about addresses for defendants?

G. Richard Baker
BAKER LAW PC

ORIGINAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 MAY -2 PM 3:42 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

**I. (a) PLAINTIFFS**

Heidi Hitt, individually and on behalf of all others similarly situated.

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

G. Richard Baker (SBN 224003), Baker Law PC, 700 29th St.S, Birmingham, AL 35233, 205.714.7166

**DEFENDANTS**

Arizona Beverage Co., LLC, Ferolito, Vultaggio & Sons, Inc, and Hornell Brewing Co. Inc.

County of Residence of First Listed Defendant Nassau Co. NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0809 WQH POR

BY FAX

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332; B & P Code 17200 adn 17500; Cal.Civ.Code 1750 et seq.

Brief description of cause:
Violations of UCL and CLRA

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over 5,000,000 Restitution & Injunction

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 05/02/2008 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 150463 AMOUNT $350— APPLYING IFP JUDGE MAG. JUDGE

05/02/08 AB

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150463 - MB**

**May 02, 2008**
**15:41:17**

**Civ Fil Non-Pris**
USAO #.: 08CV0809 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.: $350.00 CK
Check#.: BCD50135622

**Total-> $350.00**

FROM: HEIDI HITT VS ARIZONA BEVERAGE
CO LLC, ET AL