# EXHIBIT C

FILED
MAY - 5 2008
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Docket No. 06-55921

---

Nakia Williams, individually and on behalf of all others similarly situated; and Rita Tabiu, individually and on behalf of all others similarly situated,

Plaintiffs/Appellants,

v.

Gerber Products Company, a Michigan corporation,

Defendant/Appellee.

---

Appeal From a Final Judgment of the United States District Court for the Southern District of California, No. CV 05-01278-JTM

---

**APPELLEE GERBER PRODUCTS COMPANY'S PETITION FOR REHEARING EN BANC**

JOHN A. STURGEON (SBN 33670)
BRYAN A. MERRYMAN (SBN 134357)
RACHEL J. FELDMAN (SBN 246394)
WHITE & CASE LLP
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Phone: 213-620-7700
Fax: 213-452-2329
email: jsturgeon@whitecase.com
email: bmerryman@whitecase.com
email: rfeldman@whitecase.com
Attorneys for Appellee
Gerber Products Company

# TABLE OF CONTENTS

Page

I. STATEMENT REQUIRED BY FRAP 35(b)(1) .......... 1

II. INTRODUCTION .......... 2

III. REHEARING EN BANC IS NECESSARY TO SECURE UNIFORMITY OF DECISION AND TO RESOLVE EXCEPTIONALLY IMPORTANT ISSUES OF LAW REGARDING THE STANDARDS GOVERNING DISMISSALS IN CONSUMER PROTECTION LAWSUITS IN THE NINTH CIRCUIT .......... 4

A. The Panel's Decision Conflicts With The Prior Precedent Of This Court And The Supreme Court of California .......... 5

B. The Panel's Opinion Disturbs Settled Standards for Evaluating Motions to Dismiss Claims Brought Under California's Consumer Protection Statutes and Will Impact the Hundreds of Consumer Protection Cases Filed Each Year .......... 9

C. Gerber's Compliance With FDA Regulations Authorizing the Depiction of Fruit and Fruit-Like Images Requires Affirmance of the District Court's Order Dismissing Plaintiffs' Claims .......... 11

IV. CONCLUSION .......... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES


*Bell Atlantic Corp. v. Twombly*, 550 U.S. ___,127 S. Ct. 1955 (2007) ........ 3

*Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001) ................. 14

*Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363 (2000) ..................... 15

*Ethex Corp. v. First Horizon Pharm. Corp.*, 228 F. Supp. 2d 1048 (E.D. Mo. 2002) ........................................................................................ 15

*First Pacific Bank v. Gilleran*, 40 F.3d 1023 (9th Cir. 1994) ...................... 11

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995)................................. 1-9

*Haskell v. American Family Publishers*, 857 F. Supp. 1392 (E.D. Cal. 1994) ........................................................................................ 5

*McClure v. Life Ins. Co. of No. America*, 85 F.3d 1129 (9th Cir. 1996)..... 11

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998)...................................... 6

*SEC v. Chenery*, 318 U.S. 80 (1943) ...................................................... 11-12

*United States v. Sullivan*, 332 U.S. 689 (1948) ......................................... 12


## STATE CASES


*Bank of the West v. Superior Court*, 2 Cal. 4th 1254 (1992)......................... 5

*Belton v. Comcast Cable Holdings*, 151 Cal. App. 4th 1224 (2007) ............ 5

*Blank v. Kirwan*, 39 Cal. 3d 311 (1985)................................................... 12

*Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223 (2006)............................................................................................. 9-11

*Hobby Industry Ass'n of America v. Younger*, 101 Cal. App. 3d 358 (1980)12

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003).................... 8

*O'Brien v. Camisasca Auto. Mfg., Inc.*, 161 Cal. App. 4th 388 (2008).......... 9

*People ex rel.. Lockyear v. Brar*, 115 Cal. App. 4th 1315 (2004)................. 9

*Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26 (1998) ................ 8

## FEDERAL STATUTES

21 U.S.C. § 337(a),(b) ................ 14

21 C.F.R. §§ 101.1-101.4, 101.22(i),(i) ................ 12, 14

## STATE STATUTES

Cal. Bus. & Prof. Code §17500 ................ 2

Cal. Bus. & Prof. Code §17200 ................ 2

Cal. Civ. Code § 1770 ................ 2

## FEDERAL RULES

Fed. R. App. Proc. 35(a),(b) ................ 1,2,4

## I. STATEMENT REQUIRED BY FRAP 35(b)(1)

Rehearing *en banc* is required for several reasons pursuant to Federal Rule of Appellate Procedure 35(b). First, because the Panel's decision filed April 21, 2008 ("Opinion") is contrary to the prior precedents of this Court, which hold both that alleged deception is measured against an audience of "reasonable consumers" (not the "busy parents" conceived by the Panel) and that Plaintiffs may not premise claims on alleged ambiguities that are dispelled by specific disclosures on the challenged advertisement. *See, e.g., Freeman v. Time, Inc.*, 68 F. 3d 285 (9th Cir. 1995). Consideration by the full Court is necessary to secure and maintain uniformity of this Court's decisions. *See* Fed. R. App. Proc. 35(b)(1)(A).

Second, rehearing *en banc* also is necessary to answer the following precedent setting questions of exceptional importance:

(1) Whether the Panel's application of the "busy parent" standard discards the "reasonable consumer" standard set forth in the precedents of this Court and the Supreme Court of California when determining whether plaintiffs have stated a claim under California's consumer protection statutes;

(2) Whether a district court can determine as a matter of law that advertising or packaging is not likely to deceive a reasonable consumer and dismiss consumer protection claims at the pleading stage, such as in this case where the challenged advertising is properly before the court on a motion to dismiss;

(3) Whether dismissals under California's consumer protection statutes should be reserved for "rare" circumstances; and

(4) Whether the district court's determination that Plaintiffs' claims were preempted (which the Panel ignored and mistakenly stated was not argued

or addressed below) by Gerber's compliance with Federal Food and Drug Administration ("FDA") regulations, which specifically permit the use of the product name and vignettes to signal fruit flavoring on the front panel of its products, provided a separate and independently sufficient basis for dismissal. *See* Fed. R. App. Proc. 35(b)(1)(B).

## II. INTRODUCTION

The Panel's Opinion has far reaching consequences for every consumer action filed in this Circuit, as well as for every package of food products sold nationally on a daily basis. The Panel's Opinion establishes a new standard for evaluating claims brought under California's consumer protection statutes and holds that packaging produced in strict compliance with FDA requirements for labeling may still be deceptive to those California consumers who do not bother to review the entire product packaging. Appellee Gerber Products Company ("Gerber") respectfully petitions this Court for rehearing *en banc* to resolve these important issues.

In *Freeman*, this Court expressly applied the "reasonable consumer" test as the appropriate standard by which to evaluate whether a plaintiff has stated a claim under California's Unfair Competition Law (Cal. Bus. & Prof. Code §17200), false advertising law (Cal. Bus. & Prof. Code §17500) (collectively, the "UCL"), and the Consumer Legal Remedies Act (Cal. Civ. Code. § 1770) ("CLRA"). Pursuant to this test, a plaintiff must allege facts sufficient to show that a defendant's representations are likely to deceive a reasonable consumer.

The Panel's Opinion discards the "reasonable consumer" standard and, in its place, adopts a subjective, "busy parent" standard that purports to excuse consumers from reviewing the entire product packaging -- including the FDA approved "Naturally Flavored" disclosure and mandated ingredient disclosures,

both which specifically dispel the alleged ambiguity here -- before initiating a federal class action lawsuit premised on alleged deception.

Under this new standard, the Panel holds that a "busy parent walking through the aisles of a grocery store," who sees Gerber's packaging containing the product name, "Fruit Juice Snacks," and vignettes of fruit and fruit-like substances that signal fruit flavoring, may be deceived into believing the product contains fruit juice from the fruits pictured. (Opinion, p. 4197.) Thus, under the Panel's freshly-minted standard, busy parents are permitted to ignore the "Naturally Flavored" disclosure on the front panel and the truthful ingredient disclosures on the side panel. This holding directly conflicts with this Court's holding in *Freeman* that a reasonable consumer may not selectively misread portions of advertising and ignore disclosures that specifically dispel any claimed ambiguities. *Freeman*, 68 F. 3d at 289-90.

What is worse, the Panel declares that dismissals of actions under California's consumer protection laws should be "rare" and "usually" reserved for a factual presentation on summary judgment or at trial. The Panel, therefore, effectively eliminates the district courts' ability to weed out unmeritorious and frivolous claims at the pleadings stage, in direct conflict with the Supreme Court's recent guidance in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007).[1]

Indeed, California's consumer protection statutes are notoriously susceptible to frivolous claims and abuse by attorneys seeking to extort quick settlements. By relegating consumer protection actions to a special class of

---

[1] *Cf. id.* at 1967 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management,' [citation], given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.").

cases in which dismissals are "rare" and "occasionally... upheld," the Panel's Opinion will multiply the growing number of consumer class actions filed in federal court since the enactment of the Class Action Fairness Act in 2005, and, in particular, make the district courts of the Ninth Circuit magnets for attracting even more class actions.

Moreover, the Panel's Opinion improperly refuses to consider the district court's finding that because Gerber's packaging of Snacks complies with the FDA's specific labeling requirements, the representations on the front panel cannot be deceptive as a matter of law. Instead, the Panel establishes standards for deceptive labeling *contrary* to those established by the FDA. Manufacturers of food products cannot be required to have separate packaging for every circuit or state in the United States when they carefully adhere to federal packaging regulations -- in this case, those of the FDA. Yet, that is the result of the decision by the Panel here.

Gerber respectfully requests *en banc* review to resolve these issues of both local and national importance, and to reconcile the inconsistent holdings of this case and *Freeman*.

## III. REHEARING *EN BANC* IS NECESSARY TO SECURE UNIFORMITY OF DECISION AND TO RESOLVE EXCEPTIONALLY IMPORTANT ISSUES OF LAW REGARDING THE STANDARDS GOVERNING DISMISSALS IN CONSUMER PROTECTION LAWSUITS IN THE NINTH CIRCUIT

*En banc* review is appropriate when necessary to secure or maintain uniformity of the Court's decisions, or where the proceeding involves a question of exceptional importance. Fed. R. App. Proc. 35(a). As stated at the outset of this Petition, both criteria are satisfied here.

## A. The Panel's Decision Conflicts With The Prior Precedent Of This Court And The Supreme Court of California

While the Panel acknowledges that *Freeman v. Time, Inc.*, 68 F. 3d 285 (9th Cir. 1995), sets forth the applicable standards governing claims for the violation of California's unfair competition and fraudulent advertising laws (Opinion, p. 4194), the opinion departs from and indelibly conflicts with those standards. Discarding the longstanding "reasonable consumer" standard for evaluating claims of deception applied by this Court and the Supreme Court of California, the Panel invents an entirely new standard -- the "busy parent" standard. (Opinion, p. 4194.)

As set forth in *Freeman*, and as the Panel explains in its Opinion, to survive a motion to dismiss, Plaintiffs must show the representations they allege in their complaint are likely to deceive a reasonable consumer. (Opinion, p. 4194.) *Freeman*, 68 F. 3d at 289; *see also Haskell v. American Family Publishers*, 857 F. Supp. 1392, 1398-99 (E.D. Cal. 1994); *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992); *Belton v. Comcast Cable Holdings*, 151 Cal. App. 4th 1224, 1241 (2007).

In applying this "reasonable consumer" standard, the district court reviewed the allegations in Plaintiffs' complaint against copies of the challenged advertising (which were properly before the court on a motion to dismiss, *see, e.g., Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). It thus properly held as a matter of law that "no reasonable consumer upon review of the package as a whole would conclude that Snacks contain juice from the actual and fruit-like substances displayed on the packaging particularly where the ingredients are specifically identified." (AER, Ex.C, p. 5-6 (Order, 5:3-6).)

The Panel disagreed. It held that whether the advertising is deceptive was "a question of fact not appropriate for decision" on the pleadings, and that

dismissals under California's consumer protection laws should be "rare." Further, without citation to any evidence or legal authority, and in the process discarding the practical and legal effect of the specific ingredient disclosures, the Panel decided the case on its own subjective conceptions of whether "busy parents" -- not "reasonable consumers" -- have time to review the entire product packaging:

> We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. The ingredient list on the side of the box appears to comply with FDA regulations and certainly serves some purpose. We do not, however, think that a **busy parent** walking through the aisles of a grocery store should be expected to verify that the representations on the front of the box are confirmed in the ingredient list. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

(Opinion, p. 4197 (emphasis added).)

This is not the standard applied in the Ninth Circuit under *Freeman*. As the Panel recognized, in that case, this Court specifically rejected the argument that the "reasonable consumer" standard was met by a showing that some members of the public are likely to be deceived by a selective misreading of the challenged advertising. (Opinion, p. 4195 (citing *Freeman*, 68 F. 3d at 285).) As the Panel explained, the court in *Freeman* affirmed a dismissal of identical claims under the UCL and CLRA on the pleadings because the challenged sweepstakes "mailer explicitly stated multiple times that the plaintiff would only win the prize if he had the winning sweepstakes number." *Id.* As a result, the Panel explained, in *Freeman*, the court did not need "to evaluate additional evidence regarding whether the advertising was deceptive, since the advertisement itself made it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Id.*

The same is true here, notwithstanding the Panel's dismissal of the fact that the district court's decision was based "solely on its own review" of the packaging. *Id.* Just like the plaintiff in *Freeman*, Plaintiffs here (no matter how "busy" they were) may not selectively view vignettes of the product and fruit to suggest the product contains juice from the depicted fruit given the "Naturally Flavored" disclosure on the front panel and the specific ingredient disclosures on the side panel. The packaging truthfully identifies the most prominent three ingredients as corn syrup, sugar and white grape juice from concentrate, dispelling any ambiguity regarding the contents of Snacks. (AER, Ex. C, p. 6 (Order, 4:21-23).)

Indeed, the Panel is internally inconsistent in its application of its "busy parent" test. While the Panel admonishes that consumers should not be "expected to look beyond misleading misrepresentations on the front of the box" (Opinion, p. 4196), two of the statements on which Plaintiffs base their claims ("made with fruit juice and other all natural ingredients" and "just one of a variety of nutritious Gerber Graduates foods and juice") are contained on the side panel of the product packaging that the Panel claimed busy parents were too busy to review. If Plaintiffs are able to turn the packaging around to view these statements, then certainly they can review the specific and unambiguous ingredient disclosures to discover the product contents.

Under *Freeman*, none of the allegedly misleading representations is likely to deceive reasonable consumers. First, the only allegedly misleading representations on the front panel are the product's name and images of fruit and fruit-like substances, but use of the name and the vignettes is specifically regulated and approved by the FDA when used in conjunction with the term "Naturally Flavored." Gerber's use of these vignettes on the front panel complies with FDA regulations, and as discussed below in Section III.C, these

statements cannot deceive a reasonable consumer as a matter of law.

Second, the Panel holds that the statement "made with fruit juice and other all natural ingredients" "could easily be interpreted by consumers as a claim that all the ingredients in the products were natural." (Opinion, p. 4196.) But the standard is not whether a statement "could easily be interpreted" in a deceptive way, but rather, whether the statement is likely to deceive a reasonable consumer.

Simply because a statement could easily be interpreted in a misleading way does not mean the statement is likely to deceive a reasonable consumer. *See, e.g.*, *Freeman*, 68 F.3d at 290 ("Any ambiguity that Freeman would read into any particular statement is dispelled by the promotion as a whole."); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) ("'Likely to deceive' implies more than a mere possibility that the [conduct] might conceivably be misunderstood. . . . Rather, the phrase indicates that the [conduct] is such that it is probable that a ***significant portion*** of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."); *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998) (explaining the potentially deceptive effect is assessed against an audience of "reasonable [people]," and not the "least sophisticated consumer").

As the court in *Lavie* explained,

> Perhaps a few misguided souls believe, for example, that all "Danish pastry" is made in Denmark. Is it, therefore, an actionable deception to advertise "Danish pastry" when it is made in this country? Of course not. ***A representation does not become "false and deceptive" merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.***

105 Cal. App. 4th at 507 (emphasis added).

*Freeman* and this case are factually and procedurally alike. In both,

defendants sought dismissal of plaintiffs' purported claims of deception based on written representations qualified by clear, adjacent, readable language that dispelled the claimed ambiguities. Despite its citation and discussion of *Freeman,* the Panel reached a contrary and inconsistent conclusion, holding that "busy parents" shopping for food products, unlike busy recipients of unsolicited, junk mail sweepstakes mailers, may ignore disclosures contained within the same packaging as allegedly misleading representations and immunize their complaint from dismissal on the pleadings. Such a ruling misapplies the reasonable consumer test and is irreconcilable with *Freeman*. *En banc* review is necessary to resolve this conflict.

### B. **The Panel's Opinion Disturbs Settled Standards for Evaluating Motions to Dismiss Claims Brought Under California's Consumer Protection Statutes and Will Impact the Hundreds of Consumer Protection Cases Filed Each Year**

As courts and the legislature in California have recognized in recent years, California's consumer protection statutes have "become the subject of abuse or a kind of legal shakedown scheme." *O'Brien v. Camisasca Auto. Mfg., Inc.*, 161 Cal. App. 4th 388, 398 (2008) (citing *People ex rel.. Lockyear v. Brar*, 115 Cal. App. 4th 1315, 1317 (2004) ("Attorneys formed a front watchdog or consumer organization. They scoured public records on the Internet for what were often ridiculously minor violations of some regulation or law by a small business, and sued that business in the name of the front organization." (internal citations omitted)).

California's unfair competition laws have served as particularly attractive targets for unscrupulous attorneys who file frivolous suits that clog our courts, cost taxpayers, and threaten small businesses. *See Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 228 (2006) (citing Prop. 64, § 1,

subd.(b)(1)-(4)). Indeed, California voters passed Proposition 64 because the UCL had "been misused by some private attorneys who file frivolous lawsuits as a means of generating attorneys' fees without creating a corresponding public benefit. . ., and file lawsuits on behalf of the general public without any accountability to the public and without adequate court supervision." *Id.* (internal citations omitted).

In addition, due to broadened federal jurisdiction over class actions following the enactment of the Class Action Fairness Act in 2005, an increased number of these consumer class actions are being litigated in federal court. By effectively eliminating the availability of dismissal at the pleading stage in courts of this Circuit, the Panel's Opinion will only add to the growing number of consumer class actions filed in federal court, and diminish the district courts' ability to dispose of frivolous or mertiless consumer class actions before courts and parties incur substantial time and costs.

California's consumer protection laws should not be misused to extort quick settlements. Injured plaintiffs' claims should be heard without the bias of hundreds of meritless consumer protection cases filed each year. Dismissal at the pleading stage of those meritless cases must be available where plaintiffs cannot state a claim upon which relief can be granted, because a reasonable consumer would not likely be deceived by the alleged misleading representations. This is the case here, where the FDA expressly authorizes Gerber's use of its product name and fruit images on the front panel of its packaging, and the "Natural Flavored" and ingredient disclosures dispel any potential ambiguity regarding the product contents.

The Opinion, however, consigns dismissal of these consumer protection claims to "rare" instances that are "occasionally upheld," without an explanation of what specific, and apparently limited, circumstances justify

dismissal. Absent further guidance, and the irreconcilable conflict between *Freeman* and the Opinion, district courts will be wary of dismissing dubious claims on the pleadings.[2]

Indeed, the internal inconsistency in the Panel's subjective application of its "busy parent" test within the Opinion is glaring. The Panel contends that the statement "made with fruit juice and other all natural ingredients," which is contained on the left panel of the box, "could easily be interpreted by consumers as a claim that *all* the ingredients in the products were natural." (Emphasis added.) However, if by chance the busy parent looked at the right side of the box, he or she would know that in addition to fruit juice, Snacks contains sugar and corn syrup. Thus, the busy parent would not be misled into believing that Snacks contains *only* fruit juice and natural ingredients. Given the inconsistencies of its application within the Opinion, the Panel's "busy parent" standard leaves unsettled the type (and location) of statements that are likely to deceive consumers.

### C. Gerber's Compliance With FDA Regulations Authorizing the Depiction of Fruit and Fruit-Like Images Requires Affirmance of the District Court's Order Dismissing Plaintiffs' Claims

On appeal, the Court may affirm on any ground supported by the record. *First Pacific Bank v. Gilleran*, 40 F. 3d 1023, 1024-45 (9th Cir. 1994). This rule is driven by efficiency considerations: "[i]t would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another

---

2 The Panel's Opinion is contrary to the intent of California voters in enacting Proposition 64, which aims to prevent abuse of the UCL, and reduce the time and costs incurred in defending meritless claims, by making it more difficult for frivolous actions to proceed past the pleading stage. *See Californians for Disability Rights*, 39 Cal. 4th at 228 (citing Prop. 64, § 1, subd.(b)(1)-(4)).

ground within the power of the appellate court to formulate." *SEC v. Chenery*, 318 U.S. 80, 88 (1943). Whether or not the court may affirm on an alternate basis depends on the adequacy of the record and whether the issues are purely legal, putting the court in essentially as advantageous a posture to decide the case as would be the district court. *McClure v. Life Ins. Co. of No. America*, 85 F. 3d 1129, 1133 (9th Cir. 1996). Both requirements are met here and this Court may affirm the district court's order on the independent ground that federal regulations specifically authorize and approve the challenged product packaging.

The U.S. Congress adopted the Food, Drug, and Cosmetic Act ("FDCA") in 1938 to protect the public health by enforcing certain standards of purity and effectives, and to prevent the sale of misbranded or adulterated products. *United States v. Sullivan*, 332 U.S. 689, 696-97 (1948). The FDCA and the regulations promulgated by the FDA pursuant thereto establish federal standards for the labeling of food products.

Although the Panel specifically recognized Gerber's "compliance with FDA regulations," and this compliance "may be relevant to a preemption argument," (Opinion, p. 4197, n.4), it ignored the legal impact of this compliance on Plaintiffs' claims.

Applicable FDA regulations specifically permit the use of vignettes to signal fruit flavoring (even if the product contains no fruit or fruit juice). (GP-SER0203-0236 (Motion, 10:25-13:25); GP-SER0153-0171 (RJN, Exs. B and C (21 C.F.R. §§ 101.1-101.4, 101.22(i),(i)(l))).) As argued by Gerber, and as the district court expressly held, Gerber's compliance with these FDA guidelines acts as a complete defense to Plaintiffs' claims. (AER, Ex. C, p.6 (Order, 5:13-18)); *Blank v. Kirwan*, 39 Cal. 3d 311, 329 (1985); *Hobby Industry Ass'n of America v. Younger*, 101 Cal. App. 3d 358, 359-60 (1980).

Indeed, the district court expressly dismissed Plaintiffs' claims on the separate and independent ground that Gerber's use of vignettes to signal fruit flavoring and nutritional information is not deceptive because it is authorized by the FDA:

> Furthermore, as argued by Gerber, the images are not deceptive because the depiction of the fruit and fruit-like images indicates that Snacks is fruit flavored and the FDA authorized the manner in which Gerber labels snacks.

(AER, Ex. C, P. 6 (Order at 5:13-18)(emphasis added).)

While the Panel acknowledged that the district court "did note that it believed 'the FDA authorized the way in which Gerber labels snacks,'" it held this was "not an alternate holding but simply support for the conclusion that the product was not deceptive." (Opinion, p. 4197.) Thus, the Panel declined to address whether compliance with FDA regulations renders representations not deceptive as a matter of law.

By reversing the district court's order, the Panel implicitly holds that products in full compliance with the FDA's labeling requirements may still be deceptive under California's statutes. That would permit courts to establish labeling standards in California different from those promulgated by the FDA. The consequences of such a ruling are significant.

Gerber and most other food processing and distribution companies sell their products nationwide. Imagine the result if, despite abiding by federal labeling guidelines, these companies found themselves subject to different labeling requirements in each state. The effect on national companies, the economy, and even consumers would be unfortunate. Consumers in California, for instance, might not be able to purchase products whose labeling requirements, though specifically sanctioned by the FDA and authorized in other states, subject the seller to tort claims in California that are practically

immune from dismissal. The FDA regulations will become moot if courts are permitted to substitute their judgment for that of the FDA.

The federal scheme promulgates national standards that are to be applied equally to all products, regardless of the states in which they are manufactured or sold. By definition, the scheme cannot allow the individual states to penalize individuals and companies that abide by federal standards promulgated by FDA experts. For these reasons, labeling explicitly approved and authorized by the FDA cannot be deemed deceptive in California. Gerber's compliance with FDA regulations authorizing use of vignettes to signal fruit flavoring, alone, justifies the district court's dismissal of Plaintiffs' claims.

The Panel stated incorrectly that Gerber did not argue in the district court that Plaintiffs' claims cannot be based on FDA violations because the FDCA expressly prohibits private enforcement of FDA regulations. The Panel's conclusion overlooks arguments made by both parties in the lower court. (GP-SER0233-0238 (Motion, 10:25-15:3); GP-SER0259-0260 (Opposition, 6:23-7:17).) Further, the Panel's conclusion that "nothing in Appellants' complaint suggested they were attempting to directly enforce violations of the FDCA" overlooks Plaintiffs' allegation in paragraph 1 of the TAC that "the descriptive phrase 'Naturally Flavored' appearing on the main display panel of the product does not comply with applicable type size requirements." (AER, Ex. D, p. 2 (TAC, ¶1(e)).) The "type size requirements" to which Plaintiffs refer is the FDA regulation found at 21 C.F.R § 101.22(i)(l)(i). (GP-SER0165-1071 (RJN, Ex. C (21 C.F.R. §101.22(i)(l)(i))).) These claims are preempted by federal law. *See, e.g.*, 21 U.S.C. § 337(a),(b); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4, 352 (2001) (finding "section 337(a) is clear evidence Congress intended that the FDCA be enforced exclusively by the federal government").

The claims are further preempted because compliance with both state and federal law is impossible. *See Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000). In general, mislabeling and false marketing claims are "better left to the FDA who has the expertise in enforcing and interpreting its own complicated regulations." *Ethex Corp. v. First Horizon Pharm. Corp.*, 228 F. Supp. 2d 1048, 1055 (E.D. Mo. 2002).

The FDA regulations specifically allow Gerber to use vignettes of fruit and fruit-like images together with the statement "Naturally Flavored" to signal fruit flavoring. In determining that Gerber may be liable to Plaintiffs for those vignettes and statement, the Panel permits lower courts to establish labeling requirements that invariably will conflict with those promulgated by the FDA. The order sought by Plaintiffs, and as implicitly approved by the Panel's Opinion, would disregard entirely the FDA's express approval of Gerber's labeling of Snacks. Plaintiffs' claims are necessarily preempted, and *en banc* review is proper for this additional reason.

## IV. CONCLUSION

Accordingly, this Court should grant Gerber's petition for rehearing *en banc*, vacate the Panel Opinion and affirm the district court's dismissal of Plaintiffs' claims.

Dated: May 3, 2008

Respectfully submitted,

WHITE & CASE LLP

By: [signature]
Bryan A. Merryman
Attorneys for Appellee
Gerber Products Company

**CERTIFICATE OF COMPLIANCE**

I certify that pursuant to Circuit Rule 35-4 and 40-1, the attached petition for rehearing en banc is in compliance with Federal Rule of Appellate Procedure 32(c) and does not exceed 15 pages.

By: ______________________
Bryan A. Merryman
Attorneys for Appellee
Gerber Products Company