1  WILSON, PETTY, KOSMO & TURNER LLP
   VICKIE E. TURNER (106431)
2  MERYL C. MANEKER (188342)
   HUBERT KIM (204957)
3  550 West C Street, Suite 1050
4  San Diego, California 92101-3532
   Telephone: (619) 236-9600
5  Facsimile: (619) 236-9669
   **E-mail:** vturner@wpkt.com
6  **E-mail:** mmaneker@wpkt.com
   **E-mail:** hkim@wpkt.com
7

8  McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
   ROBERT P. DONOVAN
9  RYAN P. MULVANEY
   Three Gateway Center
10 100 Mulberry Street
11 Newark, New Jersey 07102
   Telephone: (973) 622-7711
12 Facsimile: (973) 622-5314
   **E-mail:** rdonovan@mdmc-law.com
13 **E-mail:** rmulvaney@mdmc-law.com

14 Attorneys for Defendants
   ARIZONA BEVERAGE CO., LLC, HORNELL BREWING COMPANY, INC.,
15 and FEROLITO VULTAGGIO & SONS, INC.

16
17                    **UNITED STATES DISTRICT COURT**
                   **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
18

| | |
|---|---|
| 19  HEIDI HITT, on behalf of herself and all others similarly situated, | Case No. 08 CV 0 809 WQH LSP |
| 20              Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| 21 | |
| 22       v. | **Complaint Filed:** May 2, 2008 |
| 23  ARIZONA BEVERAGE CO., LLC, HORNELL BREWING COMPANY, INC. | **District Judge:** Hon. William Q. Hayes<br>**Magistrate Judge:** Hon. Louisa S. Porter |
| 24  and FEROLITO VULTAGGIO & SONS, INC., | **Trial Date:** Not Set |
| 25 | |
| 26              Defendants. | |

27
28

Defendants, Arizona Beverage Co., LLC (hereinafter, "ABC"), and Hornell Brewing Company, Inc., including Ferrolito Vultaggio & Sons, Hornell's registered business name, erroneously named herein as a separate party (collectively referred to as "Hornell"), hereby answer the Class Action Complaint of Heidi Hitt (the "Complaint"), as follows:

**CLASS ACTION COMPLAINT**

Answering the first unnumbered paragraph of the Complaint, ABC and Hornell respond that they deny that they have engaged in any "unfair, unlawful, deceptive and fraudulent practice of describing their AriZona Tea drink products as '100% Natural,' 'Natural' or 'All Natural.'" Throughout the Complaint, Plaintiff refers to these tea products, generically, as the "All Natural Products." The Complaint fails to provide any other specific reference to the tea products at issue. For the sole purpose of answering this Complaint, Defendants will refer to the tea products at issue as "All Natural Products." To the extent that these allegations state legal conclusions, the allegations of this paragraph are denied.

Answering the second unnumbered paragraph of the Complaint, ABC and Hornell respond that they deny that they have engaged in any "unfair, unlawful, deceptive and fraudulent practice of listing fruit(s) in the name of certain of their drink products when in fact these drink products do not contain any significant amount of the fruit listed in the product's name." Throughout the Complaint, Plaintiff refers to these other tea products, generically, as "Fruit Products." The Complaint fails to provide any other specific reference to these other tea products. For the sole purpose of answering this Complaint, Defendants will refer to these other tea products as "Fruit Products." To the extent that these allegations state legal conclusions, the allegations of this paragraph are denied.

**I.   INTRODUCTION**

1.   Answering paragraph 1 of the Complaint, ABC and Hornell deny the allegations contained therein.

2.   Answering paragraph 2 of the Complaint, ABC and Hornell deny any "scheme" as alleged in the Complaint, and with respect to "advertising" allegations, said allegations purport to state legal conclusions to which no response is required. ABC denies the balance of the allegations contained therein, inasmuch as ABC does not do business in California. Hornell denies the balance

of the allegations of paragraph 2, to the extent that they are comprehended, except to admit that Hornell markets and labels certain "All Natural Products" as "All Natural" or "100% Natural," and maintains a website at www.drinkarizona.com, the introductory screen of which speaks for itself.

      3.     Answering paragraph 3 of the Complaint, ABC and Hornell respond that the allegations contained therein, to the extent they are comprehended, purport to state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

      4.     Answering paragraph 4 of the Complaint, ABC and Hornell deny the allegations contained therein.

      5.     Answering paragraph 5 of the Complaint, ABC and Hornell deny the allegations contained therein.

      6.     Answering paragraph 6 of the Complaint, ABC and Hornell deny any "scheme" as alleged and with respect to "advertising" allegations, said allegations purport to state legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied. ABC denies the balance of the allegations contained therein, inasmuch as ABC does not do business in California. Hornell denies the balance of the allegations of paragraph 6, to the extent that they are comprehended, except to admit that Hornell labels and markets "Fruit Products."

      7.     Answering paragraph 7 of the Complaint, ABC and Hornell deny the allegations contained therein.

      8.     Answering paragraph 8 of the Complaint, ABC and Hornell deny the allegations contained therein.

      9.     Answering paragraph 9 of the Complaint, ABC and Hornell deny the allegations contained therein.

      10.    Answering paragraph 10 of the Complaint, ABC and Hornell deny the allegations contained therein.

## II. PARTIES

11. Answering paragraph 11 of the Complaint, ABC and Hornell respond that this paragraph does not contain any allegations to which a response is required. To the extent any response may be required, the allegations of this paragraph are denied.

12. Answering paragraph 12 of the Complaint, ABC and Hornell respond that this paragraph does not contain any allegations to which a response is required. To the extent any response may be required, the allegations of this paragraph are denied.

13. Answering paragraph 13 of the Complaint, ABC and Hornell respond that this paragraph does not contain any allegations to which a response is required. To the extent any response may be required, the allegations of this paragraph are denied.

14. Answering paragraph 14 of the Complaint, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required. To the extent any response may be required, the allegations are denied.

15. Answering paragraph 15 of the Complaint, ABC responds that it denies the allegations contained therein, except to admit that it is a limited liability company formed in New York with its principal office located in Florida. ABC denies doing business in California.

16. Answering paragraph 16 of the Complaint, Hornell responds that it denies the allegations contained therein, except to admit that Hornell is a New York corporation with headquarters in Lake Success, New York, that markets and sells "All Natural Products" and "Fruit Products" throughout the United States, including California.

17. Answering paragraph 17 of the Complaint, Hornell responds that it denies the allegations contained therein.

## III. JURISDICTION AND VENUE

18. Answering paragraph 18 of the Complaint, ABC and Hornell respond that the allegations purport to state legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

19. Answering paragraph 19 of the Complaint, ABC and Hornell respond that the allegations purport to state legal conclusions to which no response is required. To the extent that a

response is required, the allegations are denied.

20. Answering paragraph 20 of the Complaint, ABC and Hornell respond that the allegations purport to state legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

21. Answering paragraph 21, ABC and Hornell respond that that the allegations contained therein state legal conclusions to which no response is required. To the extent any response may be required, the allegations of this paragraph are denied.

22. Answering paragraph 22, ABC denies the allegations contained therein, inasmuch as ABC does not do business in California. Hornell admits marketing and selling "All Natural Products" and "Fruit Products" in the State of California, but denies producing the beverage products, and denies the remainder of the allegations of paragraph 22.

## IV.   FACTUAL ALLEGATIONS

23. Answering paragraph 23, ABC and Hornell deny the allegations contained therein.

24. Answering paragraph 24, ABC and Hornell deny the allegations contained therein.

25. Answering paragraph 25, ABC denies the allegations contained therein.

26. Answering paragraph 26, Hornell admits that it is in the business of marketing its beverage products throughout the United States, but denies the balance of the allegations of paragraph 26.

27. Answering paragraph 27, Hornell denies the allegations contained therein.

28. Answering paragraph 28, ABC responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, inasmuch as ABC does not do business in California. Hornell responds that, to the extent they are comprehended, the allegations of paragraph 28 are denied, except that Hornell admits that the "All Natural Products" contain HFCS, and that the labels and the website contain the words "All Natural," "100% Natural" and/or "Natural."

29. Answering paragraph 29, ABC and Hornell respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and the allegations are therefore denied.

1   30.   Answering paragraph 30, ABC and Hornell respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and the allegations are therefore denied.

31.   Answering paragraph 31, ABC and Hornell respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and the allegations are therefore denied.

32.   Answering paragraph 32, ABC and Hornell respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and the allegations are therefore denied.

33.   Answering paragraph 33, ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and the allegations are therefore denied. Hornell denies the allegations paragraph 33, to the extent they are comprehended, except to admit that HFCS is a sweetener used to flavor certain products that are the subject of the Complaint.

34.   Answering paragraph 34, ABC responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore they are denied. Hornell denies the allegations of paragraph 34.

35.   Answering paragraph 35, ABC responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and thus the allegations are denied.  Hornell responds that, to the extent they are comprehended, the allegations contained in paragraph 35 are denied.

36.   Answering paragraph 36, ABC and Hornell deny the allegations contained therein.

37.   Answering paragraph 37, ABC and Hornell deny the allegations contained therein.

38.   Answering paragraph 38, ABC and Hornell deny the allegations contained therein, except to admit that the "All Natural Products" are labeled "Natural," "All Natural" or "100% Natural."

39.   Answering paragraph 39, ABC denies the allegations contained therein, inasmuch as ABC does not do business in California. Hornell responds that, to the extent they are comprehended,

the allegations of paragraph 39 are denied, except that Hornell admits that it markets the "Fruit Products."

40. Answering paragraph 40, ABC and Hornell deny the allegations contained therein.

41. Answering paragraph 41, ABC denies the allegations contained therein, inasmuch as ABC does not do business in California. Hornell denies the allegations contained in paragraph 41.

42. Answering paragraph 42, ABC denies the allegations contained therein, inasmuch as ABC does not do business in California. Hornell denies the allegations of paragraph 42.

43. Answering paragraph 43, ABC denies the allegations contained therein, inasmuch as ABC does not do business in California. Hornell denies the allegations of paragraph 43, except to admit that Hornell sells "Fruit Products."

44. Answering paragraph 44, ABC and Hornell deny the allegations contained therein.

45. Answering paragraph 45, ABC and Hornell respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and they are therefore denied.

46. Answering paragraph 46, ABC and Hornell respond that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and they are therefore denied.

47. Answering paragraph 47, ABC and Hornell deny the allegations contained therein.

48. Answering paragraph 48, ABC and Hornell deny the allegations contained therein.

49. Answering paragraph 49, ABC and Hornell deny the allegations contained therein.

50. Answering paragraph 50, ABC and Hornell deny the allegations contained therein.

**V.     CLASS ACTION ALLEGATIONS**

51. Answering paragraph 51, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required. To the extent any response is required, the allegations of this paragraph are denied.

52. Answering paragraph 52, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required. To the extent any response is required, the allegations of this paragraph are denied.

1   53.     Answering paragraph 53, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent any response is required, the allegations of this paragraph are denied.

54.     Answering paragraph 54, ABC and Hornell deny the allegations contained therein.

55.     Answering paragraph 55, ABC and Hornell deny the allegations contained therein.

56.     Answering paragraph 56, ABC and Hornell deny the allegations contained therein.

57.     Answering paragraph 57, ABC and Hornell deny the allegations contained therein.

58.     Answering paragraph 58, ABC and Hornell deny the allegations contained therein.

59.     Answering paragraph 59, ABC and Hornell deny the allegations contained therein.

60.     Answering paragraph 60, ABC and Hornell deny the allegations contained therein.

## VI.  FIRST CAUSE OF ACTION

(Business and Professions Code § 17500, *et seq.* - Misleading and Deceptive Advertising)

61.     Answering paragraph 61, ABC and Hornell incorporate by reference their responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62.     Answering paragraph 62, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

63.     Answering paragraph 63, ABC and Hornell deny any "scheme" as alleged in the Complaint.  ABC denies the balance of the allegations of paragraph 63, inasmuch as it does not do business in California.  Hornell denies the balance of the allegations of paragraph 63, except to admit that Hornell sells the "All Natural Products," that they contain HFCS, and that Hornell maintains a website through which certain products can be purchased.

64.     Answering paragraph 64, ABC and Hornell deny any "scheme" as alleged in the Complaint. With respect to the allegations regarding "advertisements", these allegations purport to state legal conclusions to which no response is required. ABC denies the balance of the allegations contained therein, inasmuch as it does not do business in California. Answering paragraph 64, Hornell denies the balance of the allegations contained therein, except to admit that Hornell sells the

1  "Fruit Products" and that Hornell maintains a website through which certain products can be
2  purchased.

3      65.    Answering paragraph 65, ABC and Hornell respond that the allegations contained
4  therein purport to state legal conclusions to which no response is required.  To the extent any
5  response may be required, the allegations of this paragraph are denied.

6      66.    Answering paragraph 66, ABC and Hornell deny the allegations contained therein.

7      67.    Answering paragraph 67, ABC and Hornell deny any "scheme or plan" as alleged in
8  the Complaint.  ABC and Hornell respond that the allegations contained therein with respect to
9  "advertisements" purport to state legal conclusions to which no response is required.  ABC denies
10 the balance of the allegations contained therein, inasmuch as it does not do business in California.
11 Answering paragraph 67, Hornell denies the balance of the allegations contained therein, except to
12 admit that Hornell labels the "All Natural Products" and the "Fruit Products."

13     68.    Answering paragraph 68, ABC and Hornell deny the allegations contained therein,
14 except to admit that the "All Natural Products" contain HFCS, which is a sweetener used to flavor
15 certain products that are the subject of the Complaint.

16     69.    Answering paragraph 69, ABC and Hornell deny the allegations contained therein,
17 except to admit that the "Fruit Products" contain the name of a fruit on the label.

18     70.    Answering paragraph 70, ABC and Hornell deny the allegations contained therein,

19     71.    Answering paragraph 71, ABC and Hornell deny the allegations contained therein.

20     72.    Answering paragraph 72, ABC and Hornell deny the allegations contained therein.

21     73.    Answering paragraph 73, ABC and Hornell deny the allegations contained therein.

22     74.    Answering paragraph 74, ABC and Hornell deny the allegations contained therein.

23     75.    Answering paragraph 75, ABC and Hornell respond that the allegations contained
24 therein purport to state legal conclusions to which no response is required.  To the extent a response
25 may be required, the allegations are denied.

**VII.   SECOND CAUSE OF ACTION**

(Business and Professions Code § 17500, *et seq*. – Untrue Advertising)

76. Answering paragraph 76, ABC and Hornell respond that they incorporate by reference their responses to paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77. Answering paragraph 77, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which not response is required. To the extent any response may be required, the allegations of this paragraph are denied.

78. Answering paragraph 78, ABC and Hornell deny the allegations contained therein.

79. Answering paragraph 79, ABC and Hornell deny the allegations contained therein, except that Hornell admits that the "All Natural Products" contain HFCS, a sweetener.

80. Answering paragraph 80, ABC and Hornell deny the allegations contained therein.

81. Answering paragraph 81, ABC and Hornell deny the allegations contained therein.

82. Answering paragraph 82, ABC and Hornell deny the allegations contained therein.

83. Answering paragraph 83, ABC and Hornell deny the allegations contained therein.

84. Answering paragraph 84, ABC and Hornell deny the allegations contained therein.

85. Answering paragraph 85, ABC and Hornell deny the allegations contained therein.

**VIII.   THIRD CAUSE OF ACTION**

(Business and Professions Code § 17200, *et seq*. - Unlawful Business Acts and Practices)

86. Answering paragraph 87, ABC and Hornell respond that they incorporate by reference their responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. Answering paragraph 87, ABC and Hornell deny the allegations contained therein.

88. Answering paragraph 88, ABC and Hornell deny the allegations contained therein.

89. Answering paragraph 89, ABC and Hornell deny the allegations contained therein.

90. Answering paragraph 90, ABC and Hornell deny the allegations contained therein.

91. Answering paragraph 91, ABC and Hornell deny the allegations contained therein.

92. Answering paragraph 92, ABC and Hornell deny the allegations contained therein.

93. Answering paragraph 93, ABC and Hornell deny the allegations contained therein.

94. Answering paragraph 94, ABC and Hornell deny the allegations contained therein.

1    95.    Answering paragraph 95, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

## IX.    FOURTH CAUSE OF ACTION

(Business and Professions Code § 17200, *et seq.* – Unfair Business Acts and Practices)

96.    Answering paragraph 96, ABC and Hornell respond that they incorporate by reference their responses to paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.    Answering paragraph 97, ABC and Hornell deny the allegations contained therein.

98.    Answering paragraph 98, ABC and Hornell deny the allegations contained therein.

99.    Answering paragraph 99, ABC and Hornell deny the allegations contained therein.

100.    Answering paragraph 100, ABC and Hornell deny the allegations contained therein.

101.    Answering paragraph 101, ABC and Hornell deny the allegations contained therein.

102.    Answering paragraph 102, ABC and Hornell deny the allegations contained therein.

103.    Answering paragraph 103, ABC and Hornell deny the allegations contained therein.

104.    Answering paragraph 104, ABC and Hornell deny the allegations contained therein.

105.    Answering paragraph 105, ABC and Hornell deny the allegations contained therein.

106.    Answering paragraph 106, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## X.    FIFTH CAUSE OF ACTION

(Business and Professions Code § 17200, *et seq.*-Fraudulent Business Acts and Practices)

107.    Answering paragraph 107, ABC and Hornell respond that they incorporate by reference their responses to paragraphs 1 through 106 of the Complaint as if fully set forth herein.

108.    Answering paragraph 108, ABC and Hornell deny the allegations contained therein.

109.    Answering paragraph 109, ABC and Hornell deny the allegations contained therein.

110.    Answering paragraph 110, ABC and Hornell deny the allegations contained therein.

111.    Answering paragraph 111, ABC and Hornell deny the allegations contained therein.

112.    Answering paragraph 112, ABC and Hornell deny the allegations contained therein.

1     113. Answering paragraph 113, ABC and Hornell deny the allegations contained therein.

2     114. Answering paragraph 114, ABC and Hornell deny the allegations contained therein.

3     115. Answering paragraph 115, ABC and Hornell deny the allegations contained therein.

4     116. Answering paragraph 116, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

## XI. SIXTH CAUSE OF ACTION

(California Civil Code § 1750, *et seq.* – The Consumers Legal Remedies Act)

(Injunctive and Declarative Relief Only)

117. Answering paragraph 117, ABC and Hornell respond that they incorporate by reference their responses to paragraphs 1 through 116 of the Complaint as if fully set forth herein.

118. Answering paragraph 118, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response may be  required, the allegations are denied.

119. Answering paragraph 119, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

120. Answering paragraph 120, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

121. Answering paragraph 120, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

122. Answering paragraph 122, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

123. Answering paragraph 123, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required.  To the extent a response

may be required, the allegations are denied.

124. Answering paragraph 124, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

125. Answering paragraph 125, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

126. Answering paragraph 126, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

127. Answering paragraph 127, ABC and Hornell deny the allegations contained therein.

128. Answering paragraph 128, ABC and Hornell deny the allegations contained therein.

129. Answering paragraph 129, ABC and Hornell deny the allegations contained therein.

130. Answering paragraph 130, ABC and Hornell deny the allegations contained therein.

131. Answering paragraph 131, ABC and Hornell deny the allegations contained therein.

132. Answering paragraph 132, ABC and Hornell deny the allegations contained therein.

133. Answering paragraph 133, ABC and Hornell deny the allegations contained therein.

134. Answering paragraph 134, ABC and Hornell deny receiving any letter from Plaintiff, through counsel, on May 2, 2008.

135. Answering paragraph 135, ABC and Hornell respond that the allegations contained therein purport to state legal conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

**XII.   RELIEF DEMANDED**

A–J.   Answering paragraphs A-J, ABC and Hornell deny the allegations contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Claim)

1.   The Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against ABC and/or Hornell.

**SECOND AFFIRMATIVE DEFENSE**

(Action Not Maintainable)

2.   Due to the doctrines of preemption and primary jurisdiction, the action is not maintainable in this Court.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

3.   Some or all of the claims and causes of action of the Plaintiff and members of the putative class are barred by the applicable statutes of limitations, including, without limitation, California Code of Civil Procedure §§ 335, 337, 338, 339, 340, and 343, and California Business and Professions Code § 17208.

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

4.   Plaintiff and certain members of the putative classes are estopped by their conduct or that of their agent, from recovering any relief by the Complaint or any purported claim or cause of action contained therein.

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

5.   By their conduct, Plaintiff and certain members of the putative classes have waived any right to recover any relief sought in the Complaint, or any purported claim or cause of action alleged therein.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

6. The Complaint is barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Doctrine of Primary Jurisdiction)

7. Some or all of Plaintiff's claims and causes of action are barred by the doctrine of primary jurisdiction, in that the U.S. Food and Drug Administration and the Federal Trade Commission have special competence in this area, and thus the Court should withhold any resolution of this dispute until either or both of these agencies have had an opportunity to consider Plaintiff's claims.

**EIGHTH AFFIRMATIVE DEFENSE**

(Preemption)

8. Some or all of Plaintiff's claims and causes of action are preempted by regulations and policies promulgated by the United States Food and Drug Administration and the Federal Trade Commission, as authorized by Acts of Congress.

**NINTH AFFIRMATIVE DEFENSE**

(Economic Loss Doctrine)

9. Some or all of the claims and causes of action of Plaintiff and certain members of the putative classes are barred by the economic loss doctrine.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

10. Some or all of the members of the putative classes lack standing to assert the claims or causes of action asserted in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to Meet Requirements of Class Action)

11. Plaintiff's Complaint fails to state facts sufficient to certify a class action pursuant to Federal Rule of Civil Procedure 23, in that the putative classes are inadequately defined, the putative classes are not so numerous that joinder of all members is impracticable, Plaintiff's claims are not

typical of the members of the classes she purports to represent, common questions of law and/or fact do not predominate, Plaintiff is not an adequate representative of the purported classes, and because a class action is not the superior method for adjudicating this dispute, and, accordingly, this action is not properly brought as a class action.

## TWELFTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

12. The claims or causes of action of Plaintiff and certain members of the putative classes which seek injunctive relief and restitution are barred in light of the fact that Plaintiff has an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

13. Any conduct or actions undertaken by or on behalf of Hornell and ABC regarding the allegations in the Complaint, if any, were undertaken in good faith, were reasonable, and lacked malice.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Conduct Not Unlawful)

14. The conduct of ABC and Hornell as alleged in the Complaint is not an unlawful practice within the meaning of the Unfair Competition Law, Business and Professions Code Section 17200 *et seq.*

## FIFTEENTH AFFIRMATIVE DEFENSE

(Conduct Not Unfair)

15. The conduct of ABC and Hornell as alleged in the Complaint is not unfair within the meaning of the Unfair Competition Law, Business and Professions Code Section 17200 *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

(Conduct Neither Fraudulent Nor Likely to Mislead)

16. The conduct of ABC and Hornell as alleged in the Complaint is and was neither fraudulent nor likely to mislead the public.

#1240113                                    16

Case No. 08-CV-0809 WQH LSP
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Reasonable Reliance)

17. Reliance of Plaintiff and the putative class members upon alleged representations, promises or statements as alleged in the Complaint, was not reasonable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

18. The acts of Hornell and/or ABC, if any, were neither the cause in fact nor the proximate cause of Plaintiff's alleged damages, if any. Rather, the alleged acts, if any, were only secondary, inconsequential, and indirect, and in no way contributed to or caused the alleged damages of the Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

(Violation of the Commerce Clause)

19. California Business and Professions Code Section 17200 *et seq.,* unconstitutionally impedes interstate commerce in violation of the Commerce Clause of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

(Violation of Case and Controversy Law)

20. California Business and Professions Code Section 17200 *et seq.* violates the Case and Controversy Clause of the United States Constitution and comparable provisions of the California Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Apportionment Required)

21. If Plaintiff or members of the putative classes have suffered any loss or damage, either as alleged in the Complaint or at all, Hornell and ABC are informed and believe, and thereon allege, that such loss or damage was directly and proximately caused by persons or entities other than Hornell and ABC. The liability of all responsible parties, named or unnamed, must be apportioned according to their relative degrees of fault or causation, and the liabilities of Hornell and ABC, if any, must be reduced accordingly.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Superseding or Intervening Cause)

22.  Hornell and ABC are informed and believe, and thereon allege, that any and all damages, if any, sustained by Plaintiff and the members of the putative classes, were proximately caused, contributed to or aggravated by the acts or omissions of Plaintiff, or other persons or entities for which Hornell and ABC are neither responsible nor liable.  Said acts or omissions were an intervening and/or superseding cause of damages, if any, thus barring Plaintiff and the putative classes from any recovery against Hornell and/or ABC.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Negligence of Plaintiff)

23.  Hornell and ABC are informed and believe, and thereon allege, that the damages, if any, sustained or suffered by Plaintiff, were legally and proximately caused and contributed to by the negligence, fault, assumption of risk, and other culpable conduct of Plaintiff, and Plaintiff's recovery in this action must be diminished in the proportion that such conduct contributed to the alleged damages of Plaintiff.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

24.  Plaintiff and certain members of the putative classes failed to mitigate their damages, if any, in the manner and to the extent required by law, and Plaintiff's recovery, if any, must be reduced in proportion to the amount attributable to Plaintiff's failure to mitigate her damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Reservation of Defenses)

25.  Hornell and ABC have insufficient information available upon which to form a belief as to whether they have available additional, as yet unstated, affirmative defenses.  Hornell and ABC reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

1     **WHEREFORE,** Hornell and ABC pray as follows:

2     1.     That Plaintiff and the putative classes take nothing by their Complaint;

3     2.     That Plaintiff's Complaint herein be dismissed in its entirety, with prejudice;

4     3.     That judgment be entered against Plaintiff and in favor of Hornell and ABC;

5     4.     That Hornell and ABC recover their costs of suit herein, including their reasonable attorneys' fees as allowed by contract, law or statute; and

7     5.     That the Court award such other and further relief as it deems appropriate.

Dated: February 23, 2009        WILSON PETTY KOSMO & TURNER LLP

By:   s/ Meryl C. Maneker, Esq.
       Meryl C. Maneker, Esq.
       Attorneys for Defendants, Arizona Beverage Co., LLC,
       Hornell Brewing Company, Inc. and Ferolito Vultaggio & Sons, Inc.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP

By:   s/ Robert P. Donovan
       Robert P. Donovan
       Appearing *Pro Hac Vice*

#1240113                            19

Case No. 08-CV-0809 WQH LSP
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS