BAKER LAW PC
G. Richard Baker (SBN 224003)
2229 1st Avenue North
Black Diamond Bldg.
Birmingham, Alabama 35233
Telephone: 205-241-9608
Facsimile: 205-252-3536
Richard@Bakerlawpc.com

JACKSON & TUCKER, PC
Joseph L. Tucker
(*Admitted Pro Hac Vice*)
2229 First Avenue North
Black Diamond Bldg.
Birmingham, Alabama 35203
Telephone: 205-252-3535
Facsimile: 205-252-3536
Josh@jacksonandtucker.com

*Attorneys for Plaintiff, HEIDI HITT, individually and on behalf*
*of all others similarly situated.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI HITT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGE CO., LLC, ET AL,<br><br>Defendants. | Case No. 08-CV-00809 WQH-POR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Complaint Filed May 2, 2008<br>Amended Complaint Filed July 1, 2009<br><br>Date: August 31, 2009<br>Time: 11:00 a.m.<br><br>**NO ORAL ARGUMENT REQUESTED**<br><br>District Judge: Hon. William Q. Hayes |

Plaintiff's Opposition to Defendant's motion to
Dismiss First Amended Complaint
Case no. 08-cv-00809 WQH-POR

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………………………………...… ii

INTRODUCTION …………………………………………………………………… 1

PROCEDURAL HISTORY ………………………………………………………….. 2

STANDARD OF REVIEW…………………………………………………….......... 3

ARGUMENT………………………………………………………………………… 4

    A.    Plaintiff has Adequately Complied with the
            Notice Requirements of the CLRA ………………………………………….4

    B.    Plaintiff has Alleged Sufficient Facts to
            Support Her Claims for Injunction …..……………………………………….8

    C.    Plaintiff's Amended Complaint is Adequately Pled
            with the Requisite Specificity ……………………………………………… 11

CONCLUSION …………………………………………………………..…… 16

i

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**FEDERAL CASES:**</u>

3

*Armstrong v. Davis*

4

275 F.3d 849, 861 (9th Cir. 2001)……………………………………….……..….. 9, 10, 11

5

*Baghdasaarian v. Amazon.com Inc.*

6

--- F.R.D. ---, 2009 WL 2263581 at 3 (C.D. Cal. Jul.7, 2009)………………………….. 9

7

*Cattie v. Wal-Mart Stores*,

8

504 F.Supp.2d 939 (S.D. Cal. 2007) ……………………………………………….. 7, 9

9

*Colan v. Monumental Corp.*,

10

524 F.Supp. 1023 (N.D. III 1981) ……………………………………………..…… 8

11

*Fortyune v. Am. Multi-Cinema, Inc.*

12

365 F.3d 1075, 1081 (9th Cir.2004)…………………………………..…..… 9, 10-11, 13

13

*Germain v. J.C. Penney Co., et al.*,

14

2009 WL 1971336 (C.D. Cal. July 6, 2009) …………………………………………15-16

15

*Gest v. Bradbury*

16

443 F.3d 1177, 1181 (9th Cir.2006)…………………………………………..……… 9

17

*Haddock v. Bd. Of Dental Examiners*,

18

777 F.2d 462 (9th Cir. 1985) …………………………………………………………3

19

*Hitt v. Arizona Beverage Co., LLC, et al.*,

20

2009 WL 449190 (S.D. Ca. Feb. 4, 2009) ………………………………………… 3, 14

21

*Kearns v. Ford Motor Co.*,

22

567 F.3d 1097 (9th Cir. 2003) ……………………………………………….. 11-12, 14-15

23

*Laster v. T-Mobile USA, Inc.*,

24

407 F.Supp.2d 1181 (S.D. Cal. 2005) ………………………………………………….7

25

*Manzarek v. St. Paul Fire & Marine, Ins. Co.*,

26

519 F.3d 1025 (9th Cir. 2008) ………………………………………………….4, 15

27

*Outboard Marine corp. v. Superior Court*,

28

52 Cal.App.3d 30, 124 Cal.Rptc. 852 (1975) ………………………………………… 6

ii

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,*
    --- F.Supp.2d ---, 2009 WL 2151355 (C.D. Cal. July 16, 2009) ..........................15, 16

*Schwarzchitd v. Tse,*
    69 F.3d 293 (9th Cir. 1995) ...........................................................… 8

*Semegen v. Weidner,*
    780 F.2d 727 (9th Cir. 1985) ..........................................................… 12

*Stickrath v. Globalstar, Inc.,*
    527 F.Supp.2d 992 (N.D. Cal. 2007) ..................................................... 3-4, 6-7, 15

*United States Parole Commission v. Geraghty*
    445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980)........................................ 9

*Von Grabe v. Sprint PCS,*
    312 F.Supp.2d 1285 (S.D. Cal. 2003) ........................................................7

*Vess v. Ciba-Geigy Corp.,*
    317 F.3d 1097 (9th Cir. 2003) ..............................................................15

*Walling v. Beverly Enterprises,*
    476 F.2d 393 (9th Cir. 1973) ..............................................................16

*Wiesmueller v. Kosobucki*
    513 F.3d 784, 785-86 (7th Cir.2008)........................................................10

*Williams v. Gerber,*
    552 F.3d 934 (9th Cir. 2008) ...........................................................3, 14

**STATE CASES:**

*Barquis v. Merchants Collections Ass'n,*
    7 Cal.3d 94 (1972)......................................................................... 9

*Committee on Children's Television, Inc. v. General Food Corp.*
    35 Cal.3d 197 (1983)........................................................................9

*Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*
    4 Cal.App.4th 963 (1992)....................................................................9

iii

*McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
  33 Cal.3d 816 (1983)…………………………………………………………….. 9

*People ex rel. Mosk v. National Research Co. of California*
  201 Cal.App.2d 765 (1962)…………………………………………………… 8

*People v. Toomey*
  57 Cal.App.3d 1 (1984)……………………………………………………… 8-9, 11

STATUTES:

Business and Procedures Code § 17203…………………………………………… 8

Business and Procedures Code § 17535 …………………………………………... 8

California Civil Code § 1760 …………………………………………………..6

California Civil Code § 1782…………………………………………………….. 6, 7

RULES:

FED. R. EVID. 201 ………………………………………………………… 1-2

FED. R. CIV. P. 7.1 ……………………………………………………….. 6

FED. R. CIV. P. 9(b) ………………………………………………………… 11, 12

FED. R. CIV. P. 12(b) ………………………………………………………2, 3-4

OTHER:

5 *Charles Alan Wright & Arthur R. Miller,*

  FEDERAL PRACTICE AND PROCEDURE § 1356 ……………………………………… 3

iv

1

## **INTRODUCTION**

2     This action arises out of allegations that certain of Defendants' beverage products contain

3 "high fructose corn syrup" ("HFCS") and, because HFCS does not exist naturally and is a

4 synthetic, man-made product, those products are deceptively and falsely labeled and/or branded

5 as "Natural", "All Natural", and/or "100% Natural" when they are not.  This action also alleges

6 that certain of Defendants' beverage products bearing the name and/or a depiction of a fruit are

7 deceptively and falsely labeled and/or branded because those products do not contain a significant

8 amount, if any, of the pulp, juice and/or fruit named and/or depicted in the product label and/or

9 brand name.  Plaintiff, individually and on behalf of two classes of similarly situated individuals,

10 brings this action under California consumer protection statutes, seeking damages and injunctive

11 relief against Beverage Marketing USA, Inc., Hornell Brewing Company, and Ferolito, Vultaggio

12 & Sons (*hereinafter collectively referred to as* "Defendants") for labeling, branding, and/or

13 marketing certain of their beverages as "Natural", "All natural" and/or "100% Natural" when they

14 in fact contain one or more non-natural ingredients, such as high fructose corn syrup ("HFCS").

15 The complaint also alleges claims based on Defendants' misleading use of the names and/or

16 depictions of particular fruits in the labeling and promotion of beverages that do not contain any

17 significant amount (or any at all) of the named and/or depicted fruit.

18     For the second time, Defendants' move this Court to dismiss Plaintiff's claims because:

19     (1)    Defendant claims Plaintiff has failed to adequately comply with the "notice

20 requirement" of the California CONSUMER LEGAL REMEDIES ACT ("CLRA") [see Defendants

21 *Memorandum* at pp.8-11], (2) Defendant claims Plaintiff does not have standing to assert claims

22 under the CLRA and/or the CALIFORNIA UNFAIR COMPETITION LAW ("UCL") [see Defendants

23 *Memorandum* at pp.11-15], and (3) Defendant claims Plaintiff has failed to meet the pleading

24 requirements of the FEDERAL RULES OF CIVIL PROCEDURE [see Defendants *Memorandum* at

25 pp.15-18].  For all the reasons set forth herein below, each of these arguments lacks merit and

26 Defendants' second *Motion to Dismiss* should, therefore be denied.

27     In addition, Plaintiff files contemporaneously with this *Opposition*, a *Notice of Request for*

28

1

1  *Judicial Notice*, pursuant to Rule 201 of the FEDERAL RULES OF EVIDENCE, which Plaintiff

2  incorporates by reference as if set forth fully herein, specifically requesting this Honorable Court

3  take judicial notice of certain exhibits attached hereto.

4  **<u>PROCEDURAL HISTORY</u>**

5  On May 2, 2008, Plaintiff filed her original *Complaint*.  Plaintiff's *Complaint* <u>did not</u>

6  contain a request for damages under the CLRA.  [Doc. No.1].

7  On May 28, 2008, Plaintiff sent CLRA "notice" letters to Defendants, Hornell Brewing

8  Company, Arizona Beverage Company, LLC, and Ferolito, Vultaggio & Sons.  (*see* Exhibits "A"

9  *through* "C" *attached hereto for reference*).  Each letter was sent "in care of" John Ferolito.  *Id.*

10  Each letter was signed for upon delivery by the same individual, "K. Giarusso" on May 29, 2008,

11  at 9:44 am.  *Id.*

12  On July 18, 2008, Defendants filed their first *Motion to Dismiss*.  [Doc. No.12].  Said

13  dismissal petition contained a request to dismiss for failure to state a claim under Rule 12(b) of

14  the FEDERAL RULES OF CIVIL PROCEDURE.

15  On September 16, 2008, Defendant Hornell Brewing Company, Inc., filed a *Notice of*

16  *Party with Financial Interest*.  [Doc. No.18].  Said notice was erroneous, in that it falsely stated,

17  **"Defendant Hornell <u>*is not*</u> owned by a parent corporation and there is no publicly held**

18  **corporation that owns 10 percent or more of Hornell's stock."**  (*see* Exhibit "E" *attached*

19  *hereto for reference*) (*emphasis added*) [Doc. No.18].  The falsity of this filing is discussed in

20  greater detail below.

21  On December 8, 2008, oral arguments were heard on Defendants' first *Motion to Dismiss*.

22  [Doc. No.21].  Subsequently, on February 4, 2009, this Honorable Court denied said petition in

23  its entirety [Doc. No.27] and Defendants formally answered Plaintiff's *Complaint* on February

24  23, 2009.  [Doc. No.29].

25  On May 5, 2009, Plaintiff moved the Court for leave to amend her operative *Complaint* to:

26  (1) assert a claim for damages under the CLRA, and (2) to add as a party Defendant to this action,

27  Beverage Marketing USA, Inc.  [Doc. No.37].  Notably, Defendants opposed Plaintiff's petition

28  2

1   to amend, stating that Plaintiff should have discovered the identity of Beverage Marketing USA,

2   Inc., sooner, notwithstanding Defendant Hornell's affirmative assertion (*see above* - [Doc.18] –

3   Exhibit "E" *attached hereto*) it is/was not owned by any other entity.  On June 16, 2009, the

4   Court granted Plaintiff's motion to amend over Defendants' objections.  [Doc. No.41].

5        On July 1, 2009, Plaintiff filed her *First Amended Complaint*, adding Beverage Marketing

6   USA, Inc., as a party Defendant, and alleging damages under the CLRA for the first time.  [Doc.

7   No.44].  No other facts or allegations in Plaintiff's *First Amended Complaint* differed from her

8   original *Complaint*.

9        On July 16, 2009, Defendants filed their second *Motion to Dismiss*, which is the subject of

10  this *Opposition*.

11  <u>**STANDARD OF REVIEW**</u>

12       Plaintiff hereby incorporates by reference, as if set forth fully herein, the legal standards,

13  arguments, and authority raised in Plaintiff's August 29, 2008, *Opposition to Defendants' Motion

14  to Dismiss*.  Plaintiff further incorporates by reference, as if set forth fully herein, this Honorable

15  Court's February 4, 2009, *Order* and the "law of the case" contained therein; specifically, "*[t]he

16  [Defendants'] Motion to Dismiss for failure to state a claim is denied.*"  <u>See</u> *Hitt v. Arizona

17  Beverage Co., LLC, et al.,* 2009 WL 449190, *7 (S.D. Ca. Feb. 4, 2009) [Doc. No.27].

18       Under Rule 12(b)(6), a complaint is dismissed when a plaintiff's allegations fail to state a

19  claim upon which relief can be granted.  F ED. R. C IV. P. 12(b)(6).  When considering a 12(b)(6)

20  motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the

21  light most favorable to the plaintiff."  *Williams v. Gerber*, 552 F.3d 934, 937 (9th Cir. 2008)

22  (quoting *Stoner v. Santa Clara County Office of Educ.,* 502 F.3d 1116, 1120 (9th Cir. 2007)).  A

23  court should only dismiss a complaint "if plaintiffs have not pled 'enough facts to state a claim to

24  relief that is plausible on its face.'" *Id. at 938* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S.

25  544, 570 (2007)).[1]  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the

26  complaint.  Thus, if the complaint states a claim under any legal theory, even if the plaintiff

27

28

---

[1] <u>See</u> <u>also</u> 5 *Charles Alan Wright & Arthur R. Miller*, F EDERAL P RACTICE AND P ROCEDURE § 1356 ("*[T]he motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts of substantive merits of the plaintiff's case.*").

3

1   erroneously relies on a different legal theory, the complaint should not be dismissed.  *Haddock v.*

2   *Bd. Of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985). "Consequently, this Court applies a

3   similar standard to Defendant's Rule 12(b)(1) motion as to its Rule 12(b)(6) motion:  Dismissal is

4   appropriate only if the complaint's allegations, which are assumed to be true, are insufficient to

5   support a finding of jurisdiction."  *Stickrath v. Globalstar, Inc.,* 527 F.Supp.2d 992, 995 (N.D.

6   Cal. 2007) (<u>citing</u> *Wolfe v. Stankman*, 392 F.3d 358, 362 (9th Cir. 2004).

7   Where a motion to dismiss is granted, a district court should provide leave to amend

8   unless it is clear that the complaint could not be saved by any amendment.  *Manzarek v. St. Paul*

9   *Fire & Marine, Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008) (*citation omitted*); <u>see</u> <u>also</u> *Stickrath*

10   *v. Globalstar, Inc.,* 527 F.Supp.2d 992, 995 (N.D. Cal. 2007) (<u>citing</u> *Steckman v. Hart Brewing,*

11   *Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998) "*[D]ismissal should be with leave to amend unless it is*

12   *clear that amendment could not possible cure the complaint's deficiencies."*).

13   ## ARGUMENT

14   **A.      Plaintiff has Adequately Complied with the Notice Requirements of the CLRA.**

15   On May 28, 2008, Plaintiff sent notices, via letter correspondence, to Hornell Brewing

16   Company, Inc. (c/o John Ferolito, CEO), Arizona Beverage Company, LLC (c/o John Ferolito),

17   and Ferolito, Vultaggio & Sons (c/o John Ferolito, President).  (*see* Exhibits "A" *through* "C",

18   *respectively*).  <u>Each letter correspondence was addressed to the same address</u>:  5 Dakota Drive,

19   Suite 205, Lake Success, New York. *Id.* Each letter states as follows:

20

21   Dear Mr. Ferolito:

22   Pursuant to the California Consumers Legal Remedies Act ("CLRA"),
23   California Civil Code § 1750, *et seq.*, and specifically §§ 1782 (a)(1) and (2),
     we hereby notify you that Ferolito, Vultaggio & Sons, Arizona Beverage
     Company, LLC, Hornell Brewing Company, Inc., **and/or their subsidiaries or**
24   **affiliates** (collectively "Arizona") have violated § 1770 of the CLRA […].

25   …

26   Unless Ferolito, Vultaggio & Sons, Arizona Beverage Company, LLC, Hornell
     Brewing Company, Inc., and/or their subsidiaries of affiliates take such action
27   as demanded above within thirty (30) days after your receipt of this letter, we
     intend to file suit for damages and injunctive relief pursuant to the California

28
                                                      4

Consumers legal Remedies Act, California Civil Code § 1750, *et seq.*, as well as based on other statutory grounds, on behalf of all consumers residing in California.

*Id.* (*emphasis added*).  Such statements sufficiently put all parties Defendant, including Beverage Marketing USA, Inc., on notice of Plaintiff's allegations of CLRA violations.  Moreover, <u>each was signed for by the same individual</u>, "K. Giarusso" on May 29, 2008, at 9:44 am.  *Id.*  Subsequently, Plaintiff filed her original *Complaint* on May 2, 2008, and her *First Amended Complaint* on July 1, 2009.  Notably, on August 5, 2009, "Kay Girrusoo" accepted service of Plaintiff's *First Amended Complaint*, directed to Beverage Marketing USA, Inc., at 5 Dakota Drive, Suite 205, Lake Success, New York.  (*see* Exhibit "D" *attached hereto for reference*).

On September 16, 2008, Defendant Hornell Brewing Company, Inc., filed an erroneous *Notice of Party with Financial Interest* which states, "**Defendant <u>Hornell *is not* owned by a parent corporation</u> and there is no publicly held corporation that owns 10 percent or more of Hornell's stock.**"  (*see* Exhibit "E" *attached hereto for reference*) (*emphasis added*).  Only after Plaintiff filed his *Motion for Leave to Amend,* which was granted by the Court, did Defendant Hornell File an *Amended and Corrected Notice of Party with Financial Interest* which disclosed the truth of the matter:   "**<u>Hornell *is* owned by a parent corporation, Beverage Marketing USA, Inc.</u>**"  (*see* Exhibit "F" *attached hereto for reference*) (*emphasis added*).[2]  It is, therefore, undisputed that Beverage Marketing USA, Inc.:

1.      shares the address of 5 Dakota Drive, Suite 205, Lake Success, New York, with Defendants Arizona Beverage Company, Hornell Brewing Company, Inc., and Ferolito, Vultaggio & Sons. (*see* Exhibit "D", *and* Exhibits "I" *through* "K" *attached hereto for reference*);

2.      is owned, in part, by John Ferolito (*major shareholder who is also the company's co-founder*) (*see* Exhibits "I" *through* "M" *attached hereto for reference*);

3.      is presided over by John Ferolito (*i.e., John Ferolito is Beverage Marketing USA, Inc.'s President*) (*see* Exhibits "I" *through* "M" *attached hereto for reference*);

4.      is the principal, CEO, Co-Founder, and/or President of all the party Defendants to

---

[2] Defendant Hornell filed the same erroneous *Notice of Party with Financial Interest* in two (2) "sister" cases to the present action; *Covington v. Arizona Beverage Company, LLC, et al.,* [Case No.: 08-cv-21894] (S.D. Florida), and *Coyle v. Hornell Brewing Co., et al.,* [Case No.: Case No.: 08-cv-2797 (D. New Jersey) (*copies of which are attached hereto for reference as* Exhibits "G" *and* "H", *respectively*).

5

this case; the "Arizona Entities". (*see* Exhibits "I" *through* "M" *attached hereto for reference*); and

5.    All parties Defendant, including Beverage Marketing USA, Inc., are represented by the same counsel.

In light of these facts, Defendants' petition for dismissal is brought with "unclean hands" and should be viewed by this Honorable Court with great skepticism; particularly in light of the fact that Defendants' not only failed to disclose a material fact required by Rule 7.1 of the FEDERAL RULES OF CIVIL PROCEDURE (*i.e., that Beverage Marketing USA, Inc., was the parent company of Defendant Hornell Brewing Company, Inc.*), but went further, filing an erroneous and false *Notice* with the Court stating that Defendant Hornell Brewing Company, Inc., was not owned by any other person or entity, and allowing this fallacy to go uncorrected for almost one (1) year, until the Plaintiff brought the truth to light, and until this Honorable Court granted Plaintiff's *Motion for Leave to Amend* to add the entity as a party Defendant.  (*see* Exhibits "E" *and* "F" *attached hereto for reference*).

In sum, Defendants' conscious omission of the existence of Beverage Marketing USA, Inc., is now being deliberately utilized as a means by which to put Plaintiff in the position of responding to a second *Motion to Dismiss*.

Defendants further attempt to have this Honorable Court dismiss Plaintiff's *First Amended Complaint* on the technicality that Plaintiff's CLRA letters of May 28, 2008, are deficient because they were sent via "priority overnight" Federal Express, as opposed to certified mail.  The spirit and purpose of the law (*i.e., the notice requirement*) at issue is clear:  "[t]his title shall be liberally construed and applied to promote the underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." CLRA § 1760; <u>see also</u> CLRA § 1782.

As to the content of Plaintiff's, May 28, 2008, written notices, the purpose of the notice requirement is clear:

> The purpose of the notice requirement of section 1782 is to give the manufacturer or vender sufficient notice of alleged defects to permit appropriate corrections or replacements.

…                                                                 6

The clear intent of the act is to provide and facilitate precomplaint settlement of consumer actions whenever possible and to establish a limited period during which such settlement may be accomplished.

*Outboard Marine corp. v. Superior Court,* 52 Cal.App.3d 30, 40, 124 Cal.Rptc. 852 (1975); <u>see also</u> *Stickrath v. Globalstar, Inc.,* 527 F.Supp.2d 992, 995 (N.D. Cal. 2007) (<u>citing</u> *Outboard Marine Corp. v. Superior Court,* 52 Cal.App.3d 30, 124 Cal.Rptc. 852 (1975)) (*"[T]he purpose of the requirement is clear: "to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements*."). Thus, Plaintiff has unequivocally met the spirit of the law and the intent of the legislature by virtue of her May 28, 2008, letters to the parties Defendant. Plaintiff would aver that, had Federal Express Corporation existed at the time the law requiring notice was created, it would clearly have been included as a proper means of service, along with certified and registered mail.

Defendants' cite three (3) cases as authority for their assertion that Plaintiff failed to meet the notice requirement. However, these cases are readily distinguishable from the present case. In *Laster v. T-Mobile USA,* the plaintiff did not send any pre-filing notice to defendants, <u>at all</u>. *Laster v. T-Mobile USA, Inc.,* 407 F.Supp.2d 1181, 1195 (S.D. Cal. 2005). In *Von Grabe v. Sprint PCS,* the plaintiffs notice "made no mention of § 1770 or any specific violations thereof." *Von Grabe v. Sprint PCS,* 312 F.Supp.2d 1285, 1304 (S.D. Cal. 2003). Moreover, the *Von Grabe* case involved in individual consumer, <u>not</u> a class action, and the plaintiff originally filed his complaint *pro se,* as an adversary in a bankruptcy case. *Id.* Finally, in *Cattie v. Wal-Mart Stores, Inc.,* it was undisputed that the plaintiff "first claimed for damages, then gave notice, then amended her complaint, more than thirty days after giving notice." *Cattie v. Wal-Mart Stores,* 504 F.Supp.2d 939, 950 (S.D. Cal. 2007). Such is not the situation in the case at bar.

Here, in contrast, Plaintiff's May 28, 2008, letters explicitly allege violations of the CLRA. (*see* Exhibits "A" *through* "C", *respectively*). These letters sufficiently put all parties Defendant on notice of the CLRA violations alleged by the Plaintiff. Plaintiff first claimed damages in her *First Amended Complaint,* which was filed approximately one (1) year (*pursuant to Court Order granting leave to amend*) after Plaintiff's May 28, 2008, notice.

7

1    Alternatively, should this Honorable Court find that Plaintiff's written notice, given via "priority

2    overnight" Federal Express is not equivalent to certified mail, and is not aligned with the spirit of

3    the law's notice requirement and §1782, Plaintiff would respectfully request the Court dismiss

4    Plaintiff's damages claims without prejudice to re-file after written notice by certified mail.[3]

5          **B.    Plaintiff has Alleged Sufficient Facts to Support her Claims for Injunction.**

6          Trying a different tack, Defendants next argue that the putative class of consumers is not

7    entitled to seek an injunction of the ongoing fraudulent, unfair and deceptive business practices

8    because the named plaintiff, Heidi Hitt, lacks "standing" to seek injunctive relief under the UCL,

9    FAL and CLRA.  Defendants are wrong.  Defendants contend that, because the *First Amended*

10   *Complaint* does not allege Plaintiff would buy their beverage products again, Plaintiff lacks

11   "standing".  This assertion lacks authority and logic.

12         In paragraph fifty (50) of the *First Amended Complaint*, Plaintiff clearly alleges "[h]ad

13   Plaintiff not been deceived by the labels on the products she purchased, she would not have

14   purchased these products."  See *Plaintiff's First Amended Complaint*, p.9, ¶50 [Doc. No.44].  The

15   fact is, Plaintiff did purchase the products at issue and would again had she not learned of the

16   mislabeling at issue.  Moreover, absent class members continue to purchase the mislabeled drink

17   products and continue to be deceived.

18         Injunctive relief is one of the principal remedies available for violations of the UCL. In

19   that regard, BUSINESS & PROCEDURES CODE § 17203 provides, in pertinent part: "Any person who

20   engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court

21   of competent jurisdiction." BUSINESS & PROCEDURES CODE § 17203; see also BUSINESS &

22   PROCEDURES CODE § 17535.  Courts have routinely emphasized that the UCL vests the court with

23   broad authority to enjoin both past and future wrongdoing: "[I]t would be impossible to draft in

24   advance detailed plans and specifications for all acts and conduct to be prohibited, since unfair or

---

[3] To dismiss this case on the purported technicalities would only serve to detract from judicial economy.  A dismissal
of the current Plaintiff/Plaintiff class representative's CLRA claims would not impact the rights of the other class
members, who would still have viable claims under the CLRA.  See *Colan v. Monumental Corp.*, 524 F.Supp. 1023
(N.D. III 1981); see also *Schwarzchitd v. Tse*, 69 F.3d 293 (9th Cir. 1995).  The interests of justice in these
circumstances would require the Court to allow a separate class member, who gives the requisite notice to
Defendants and subsequently moves to act as a class representative for the remaining putative class members.

1   fraudulent business practices may run the gamut of human ingenuity and chicanery." *People ex*

2   *rel. Mosk v. National Research Co. of California*, 201 Cal.App.2d 765, 772 (1962). Thus, the

3   UCL vests the trial court "with broad authority to fashion a remedy that will prevent unfair trade

4   practices and will deter the defendant and others from engaging in such practices in the future."

5   *People v. Toomey*, 157 Cal.App.3d 1, 20 (1984); <u>see</u> also *McConnell v. Merrill Lynch, Pierce,*

6   *Fenner & Smith, Inc.*, 33 Cal.3d 816, 821 (1983).

7        Courts have cited these broad powers to fashion appropriate injunctive relief. "[the

8   California Legislature] intended... to permit courts to enjoin ongoing wrongful business conduct

9   in whatever context such activity might occur." *Barquis v. Merchants Collection Ass'n*, 7 Cal.3d

10   94, 111 (1972); <u>see</u> also *Committee on Children's Television, Inc. v. General Food Corp.*, 35

11   Cal.3d 197, 210 (1983). Courts have also entered mandatory injunctions under the UCL to make

12   up for past misleading statements. <u>See</u> *Consumers Union of U.S., Inc. v. Alta-Dena Certified*

13   *Dairy*, 4 Cal.App.4th 963, 972-974 (1992).

14        Under the general standing rules, as well as the "realistic repetition" requirement, Article

15   III jurisdiction is present. *Armstrong v. Davis*, 275 F.3d 849, 861 (9th Cir.2001); *Fortyune v. Am.*

16   *Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir.2004); *Cattie v. Wal-Mart Stores, Inc.*, 504

17   F.Supp.2d 939, 951 (S.D. Cal. 2007); *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006).

18   Without the requested injunctive relief, Defendants' policy and practice of deceit and unfairness

19   in their product labeling may well continue or recur at any time to injure the Plaintiff or any other

20   California consumer who purchases or who have purchased the beverages at issue. Defendants

21   remain free and can easily change the ingredients or the label and packaging making it deceptive

22   again or to remain deceptive, as it is now.  Of course, if they do not change the packaging and

23   labeling from what it is now, the drink products will continue to be likely to mislead reasonable

24   California consumers.  Thus, under the facts of this case, the wrongdoing alleged meets the

25   "realistic repetition" requirement necessary for seeking injunctive relief.

26        As a preliminary matter, "standing requirements are applicable only to the class

27   representatives, and not all absent class members." *Baghdasaarian v. Amazon.com, Inc.*, ---

28                                                         9

1   F.R.D. ---, 2009 WL 2263581, *3 (C.D. Cal. Jul. 7, 2009) (citing *In re Tobacco II Cases*, 46

2   Cal.4th 298, 206 (Cal.2009)).  Thus, the "standing" issue concerns only the Plaintiff and not the

3   absent class members she represents.  Moreover, once the class is certified, the rule changes

4   altogether.  As long as one member of a certified class has a *plausible* claim to have suffered

5   damages, the requirement of standing is satisfied.  *United States Parole Commission v. Geraghty*,

6   445 U.S. 388, 404, 100  S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Wiesmueller v. Kosobucki*, 513 F.3d

7   784, 785-86 (7th Cir.2008). This is true even if the named plaintiff (*i.e., the class representative*)

8   lacks standing, provided that the named plaintiff can be replaced by a class member who has

9   standing.

10        The Ninth Circuit has clearly and unequivocally articulated how to apply the "realistic

11   repetition" test.  In *Armstrong*, the issue was prisoners seeking an injunction to require the state

12   prison system to comply with AMERICANS WITH DISABILITIES ACT (ADA).  *Armstrong v. Davis*,

13   275 F.3d 849 (9th Cir. 2001).  The Ninth Circuit found "where the defendants have repeatedly

14   engaged in the injurious acts in the past, there is a sufficient possibility that they will engage in

15   them in the near future to satisfy the "realistic repetition" requirement".  *Id.* at 861.  In the instant

16   case, Defendants have mislabeled the drink products at issue as a pattern and practice over a long

17   period of time and continue to do so.

18        Moreover, there is every reason to believe Defendants will continue to engage in

19   mislabeling, or will engage in it again.  Consumers seeking a healthy beverage drink logically

20   prefer "Natural" products and drink products that have substantial amounts of fruit.  Moreover,

21   these same consumers are willing to pay a premium for "Natural" beverages; the exact reason

22   Defendants beverage products are so labeled and depicted despite the truth about the drink

23   products as alleged herein and in Plaintiff's operative *Complaint*.  At the heart of the issue is the

24   fact that Defendants make more profits by mislabeling the drink products, and thus have every

25   reason to continue to do so in the future.  On the other hand, if Defendants change the deceptive

26   labeling to a non-misleading/non-deceptive (*i.e., truthful*) label, they can readily change it back to

27   the deceptive labeling unless the court enters an injunction prohibiting them from doing so.  The

28

1    profit motive is strong and is the very reason injunctive relief is needed in this case.

2         The Ninth Circuit further clarified the "realistic repetition" standard several years ago in a

3    putative class action.  In *Fortyune v. Am. Multi-Cinema, Inc.*, the court held that in a putative

4    class action such as this one, asserting widespread injuries, the likelihood of future injury is

5    judged in light of those assertions.  *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th

6    Cir.2004).  In *Fortyune,* the harm asserted was violations of the ADA by a movie theater. The

7    court properly found the harm asserted was widespread.  Likewise, the harm asserted in the

8    instant case is, no doubt ,widespread and standardized, just as in *Fortyune*.   Defendants sell the

9    same mislabeled beverage products all over the country and several foreign countries.  The

10   products are labeled identically.

11        Moreover, the *Fortyune* court found that where past wrongs resulted from written policies

12   or other standardized procedures, the required likelihood of future wrongdoing is presumed.

13   *Fortyune* at 1081; see also *Armstrong* at 861.  There can be no doubt that the mislabeling of the

14   drink products in this case is a standardized procedure.  Indeed the writing and depictions causing

15   the harm alleged are identical on all labeling and packaging for the products at issue.  The labels

16   say "100% Natural" and/or "All Natural" when the beverages are not, and/or there are fruit

17   depictions and fruit names depicted on the beverages when they actually contain little or none of

18   the fruit named or depicted.  Thus, the harm is caused by the standardized writing on the product

19   labels, packaging and other branding and/or marketing material.  As such, the likelihood of future

20   wrongdoing by Defendants must be presumed.

21        For these reasons, the present Plaintiff meets the "standing" requirements. The facts here

22   make this precisely the type of situation in which the Court should "fashion a remedy that will

23   prevent unfair trade practices and will deter the defendant and others from engaging in such

24   practices in the future."  *People v. Toomey*, 157 Cal.App.3d 1, 20 (1984).  Because Plaintiff has

25   demonstrated the realistic likelihood of future injury, as well as a standardized and written policy

26   of deceit over a long period of time that would be remedied through injunctive relief, Plaintiff has

27   standing to seek an injunction under the UCL, FAL and CLRA.

28                                              11

C.     **Plaintiff's Amended Complaint is Adequately Pled with the Requisite Specificity.**

Defendants' finally contend that FEDERAL RULE OF CIVIL PROCEDURE 9(b) and its heightened pleading requirements apply and bar Plaintiffs' claims.   <u>See</u> Defendants' *Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint*, at pp. 15-18.   However, Plaintiff *has* identified and specifically pled the "who, what, when, where and how" of the misconduct charged.   <u>See</u> *Kearns v. Ford Motor Co.,* 567 F.3d 1097, 1106 (9th Cir. 2003) (<u>quoting</u> *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)); <u>see also</u> *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985) (*All that Rule 9(b) requires is that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."*).   Where a plaintiff has adequately set forth the who, what and when of the allegedly fraudulent statements such that the defendant should be able to defend the charge, the defendants motion to dismiss should be denied.

In her *Original* and *First Amended Complaint*, Plaintiff went to great lengths in setting forth how Defendants', through their marketing, labeling and/or branding, have misled and/ or deceived reasonable California consumers (*i.e., the Plaintiff Classes*).[4]   Defendants' actionable conduct includes the following:

I.     <u>The "who":</u>

> Plaintiff, by and through the undersigned counsel, brings this action both on her behalf and on behalf of two classes defined below ("Class A" and "Class B") comprised of all other individuals similarly situated within the State of California, pursuant to California's [UCL], [FAL], and [CLRA], against Defendants Arizona Beverage Co., LLC, Hornell Brewing Company, Inc., Beverage Marketing USA, Inc., and Ferolito, Vultaggio & Sons, Inc.

<u>See</u> *Plaintiff's First Amended Complaint,* p.2,¶ 1. [Doc. No.44].

> 1.     Plaintiff brings this action both on her behalf and on behalf of two putative Classes she seeks to represent to redress Defendants' deceptive,

---

[4] Notably, Plaintiff's *First Amended Complaint* only (1) added a claim for damages and (2) added Beverage Marketing USA, Inc., as a party Defendant.  Plaintiff did not change any other allegations or claims.  All allegations and claims which Defendants' now purport to be inadequately pled under Rule 9(b) were exactly the same when Defendants' filed their first *Motion to Dismiss*, which was denied by this Court.

12

misleading and untrue advertising and unlawful, unfair and fraudulent business acts and practices related to the manufacture, marketing, advertising, sale and distribution of the Defendants' "All Natural Products" and "Fruit Products".

See *Plaintiff's First Amended Complaint*, p.2, ¶ 3 [I. INTRODUCTION, ¶ 1] [Doc. No.44]; see also [II. PARTIES, pp 4- 5, ¶¶ 11-17]; see also [V. CLASS ACTION ALLEGATIONS, p9, ¶ 51].

### II.    The "what":

Plaintiff asserts that the Defendants engaged in the unfair, unlawful, deceptive and fraudulent practice of describing their AriZona Tea drink products as "100% Natural" "Natural" or "All Natural" … when these drink products contain one or more non-natural or artificial ingredients, such as High Fructose Corns Syrup ("HFCS").

In addition, Defendants engaged in the unfair, unlawful, deceptive and fraudulent practice of listing fruit(s) in the name of certain of their drink products, when in fact these drink product do not contain any significant amount of the fruit listed in the product's name (the "Fruit Products").

See  *Plaintiff's First Amended Complaint*, p.2, ¶ 1 and ¶ 2 [Doc. No.44]; see also [IV. FACTUAL ALLEGATIONS, pp.5-9, ¶¶ 23-50]; see also [V. CLASS ACTION ALLEGATIONS, pp.9-11, ¶¶ 55, 58].

### III.    The "when":

45.    Plaintiff Hitt purchased several of Defendants' "All Natural Products" and "Fruit Products" during the "Class Period" covered by this complaint.

See *Plaintiff's First Amended Complaint*, P. 8, ¶ 45 [Doc. No.44].

51.    Plaintiff brings this class action for California consumers pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff brings this action on behalf of herself and all members of the following two classes comprised of:

Class A:  All persons in California who purchased any of Defendants' "All Natural Products" which contained High Fructose Corn Syrup during the "Class Period" and which were marketing, advertised, or labeled as being "All Natural", "Natural" or "100% Natural".

Class B:  All persons in California who purchased any of Defendants' "Fruit Products" during the "Class Period" which included the name or depiction of fruit(s) on the product but which did not contain a substantial amount of that fruit(s).

See *Plaintiff's First Amended Complaint,* p. 9, ¶ 51 [Doc. No.44].

13

53.     The "Class Period" is defined as being the four (4) years immediately preceding the filing of this action.

See *Plaintiff's First Amended Complaint*, p.9, ¶ 53 [Doc. No.44].

**III.    The "where" and "how":**

63.     At all material times, Defendants have engaged in a scheme of offering for sale "All Natural Products" to Plaintiff and other members of Class A by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements, and other promotional materials.

64.     In additional, Defendants have engaged in a scheme of offering for sale "Fruit Products" to Plaintiff and other members of Class B by way of, *inter alia*, the World Wide Web (Internet), product packaging and labeling, commercial advertisements, and other promotional materials.

65.     Said labeling and other representations were made within the State of California and come within the definition of advertising as contained in … Code § 1750, *et seq.*, in that such promotional and product labeling are intended as inducements to purchase the products and are statements disseminated by Defendants to Plaintiff and the members of Class A and Class B and are intended to reach these consumers.

67.     In furtherance of said plan and scheme, Defendants have manufactured and distributed within the State of California, via the World Wide Web (Internet)*,* product packaging and labeling, commercial advertisements and other promotional materials containing statements that falsely advertise the true nature of their "All Natural Products" and "Fruit Products".

See *Plaintiff's First Amended Complaint,* p.12, ¶¶ 63-65, 67, see also pp. 13-14, ¶¶ 78, 83 [Doc. No.44]; see also p.17, ¶¶ 109-113, 114.

As this Honorable Court previously found in its February 4, 2009, *Order* denying Defendants' first *Motion to Dismiss*:

> The facts of this case are similar to the facts in *Gerber* in that there are a number of features of Defendants' beverage packaging to be considered in this case, including representations that the beverages are natural, the use of fruit in the names of the beverages, and depictions of fruit on the labels of the beverages, which makes dismissal of the action inappropriate at this state of the proceedings. *Gerber*, 523 F.3d at 939.  Viewing the allegations in the light most favorable to Plaintiff, the Court concludes that the facts of this case "do not amount to the rare situation in which granting a motion to dismiss is appropriate," and that the parties should be able to submit evidence to demonstrate whether a reasonable consumer would find the labeling on the subject beverages to be deceptive.

See *Order – Hitt v. Arizona Beverage Co., LLC, et al.,* 2009 WL 449190 at *7 (S.D. Cal. Feb 4, 2009) [Doc. No.27].  The Court also correctly recognized that the present action will be

14

governed by the "reasonable consumer" standard, which is a question of fact:

> California Courts…have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer. *See e.g., Linear Technology Corp. v. Applied Materials, Inc.,* 152 Cal.App. 4th 115, 134-35, 61 Cal. Rptr. 3d 221 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer." (quoting *McKell v. Washington Mutual, Inc.,* 142 Cal. App. 4th 1457, 1472, 49 Cal. Rptr. 3d 227 (Cal.App.2006)); *Committee on Children's Television* 35 Cal.3d at 197, 197 Cal.Rptr. 783, 673 P.2d 660 (finding demurrer inappropriate in a case where parents alleged deceptive advertising of cereals).

*Williams v. Gerber,* 552 F.3d 934, 938-39 (9th Cir. 2008).

Defendants' argue that the recent Ninth Circuit Court of Appeals case *Kearns v. Ford Motor Company* [567 F.3d 1120 (9th Cir. 2009)] mandates dismissal of Plaintiff's claims as failing to meet the particularity requirements of Rule 9(b). However, *Kearns* does nothing more than affirm the Ninth Circuit's holding in *Vess v. Ciba-Geigy Corp.* [317 F.3d 1097 (9th Cir. 2003)].[5] As stated hereinabove, Plaintiff has sufficiently pled the "who, what, when, where and how" of the misconduct in her *Operative Complaint.*[6]  See e.g., *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,* --- F.Supp.2d ---, 2009 WL 2151355 at *8 (C.D. Cal. July 16, 2009) (*a copy of which is attached hereto as* Exhibit "N" *for reference*).

Very recently, in *Germain v. J.C. Penney Co., et al.,* the U.S. District Court for the Central District of California addressed a defendant's allegations that plaintiffs in a class action lawsuit alleging violations of California's UCL and CLRA had failed to plead UCL and CLRA claims with the requisite specificity, pursuant to Rule 9(b). *Germain v. J.C. Penney Co., et al.,*

---

[5] In *Kearns*, the District Court granted Plaintiff leave to file an amended complaint after granting defendants motion to dismiss. *Kearns*, at 1123-24. Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008) (*citation omitted*). Thus, should this Honorable Court find merit in Defendants' assertion that Plaintiff has failed to plead her case with the required specificity, Plaintiff would respectfully request leave to amend her *Operative Complaint.* See *Stickrath v. Globalstar, Inc.,* 527 F.Supp.2d 992, 995 (N.D. Cal. 2007) (citing *Stekman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998) for the principle that, "*dismissal should be with leave to amend unless it is clear that amendment would not possibly cure the complaint's deficiencies.*").

[6] All of Plaintiff's allegations deal with the same underlying issue; Defendants' intent to mislead consumers by mischaracterizing the primary ingredients of the beverages at issue. See e.g., *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.,* --- F.Supp.2d ---, 2009 WL 2151355 at *8 (C.D. Cal. July 16, 2009) (*a copy of which is attached hereto as* Exhibit "N" *for reference*).

15

2009 WL 1971336, (C.D. Cal. July 6, 2009) (*a copy of which is attached hereto as* Exhibit "O" *for reference*).   In holding that the *Germain* plaintiffs had met the "heightened pleading standard", the court stated as follows:

> A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973).
>  …
>
> Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, ad how of the misconduct alleged." *Vess v. Ciba-Ceigy Corp., U.S.A.*, 317 F.3d at 1106 (internal quotation marks and citations omitted).
> …
>
> [T]he Court concludes that plaintiffs have met the heightened pleading standard of Rule 9(b).   Plaintiff's have sufficiently identified "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973). Plaintiffs allege that (1) J.C. Penney was responsible for the "marketing, distribution and sale" of the Dockers apparel and the promotion at issue; (2) Levi Strauss was responsible for the "manufacturing, marketing and distribution" of the Dockers apparel and the promotion at issue; and (3) Togram was responsible for the "creation, marketing, processing, and fulfillment" of the promotion at issue.  FAC ¶¶ 4-6.  It would be unreasonable for the Court to require plaintiffs to plead the specific involvement of each defendant in the scheme prior to discovery.

*Germain v. J.C. Penney Co., et al.*, 2009 WL 1971336, * 4-5 (C.D. Cal. July 6, 2009) (*a copy of which is attached hereto as* Exhibit "O" *as reference*).

Similarly, in *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, the U.S. District Court for the Central District of California, in an action strikingly similar to the present case and *Williams v. Gerber*, held that the plaintiff had met the pleading requirements of Rule 9(b) by alleging that, (1) "in April 2007, Defendant introduced its Beverage for the first time under the title 'Cranberry and Pomegranate,' which misrepresented the product's ingredients because it contains little or no pomegranate juice", (2) that "this title was used on the label of Defendant's product, the Beverage, with the result of deceiving consumers", and (3) that "the Beverage was marketing as 'cranberry and pomegranate' juice on its website – www.oceanspray.com." Specifically, the Court held, "[t]hese allegations are sufficient to establish the 'time, place, and specific content' requirements of Rule 9(b)." *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, --- F.Supp.2d. ---, 2009 WL 2151355 at *8 (C.D. Cal. July 16, 2009) (*a copy of which is*

16

1  *attached hereto as* Exhibit "N" *for reference*).

2          Consequently, as Plaintiff has "sufficiently identified the circumstances constituting fraud

3  so that the defendants can prepare an adequate answer from the allegations" (*e.g., Walling v.*

4  *Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973)), Plaintiff's claims are adequately pled

5  and Defendants' *Motion to Dismiss* should be denied.

6                                **<u>CONCLUSION</u>**

7          For all the foregoing reasons, the Defendants' second *Motion to Dismiss* should be denied.

8

9

10  Dated: August 14, 2009                    By:    /s/ G. Richard Baker
                                                     BAKER LAW PC
11                                                   G. Richard Baker (SBN 224003)
                                                     2229 1st Avenue North
12                                                   Black Diamond Bldg.
                                                     Birmingham, Alabama 35233
13                                                   Telephone:  205-241-9608
                                                     Facsimile:  205-252-3536
14                                                   Richard@Bakerlawpc.com

15                                                   JACKSON & TUCKER, PC
                                                     Joseph L. Tucker
16                                                   (*Admitted Pro Hac Vice*)
                                                     2229 First Avenue North
17                                                   Black Diamond Bldg.
                                                     Birmingham, Alabama 35203
18                                                   Telephone:  205-241-9608
                                                     Facsimile:  205-252-3536
19                                                   Josh@jacksonandtucker.com

20

21

22

23

24

25

26

27

28

17