1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 HEIDI HITT, individually and on behalf of all others similarly situated, | CASE NO. 08cv809WQH-POR |
| 12 Plaintiff, | **ORDER** |
| 13 vs. | |
| 14 ARIZONA BEVERAGE CO., LLC; et al., | |
| Defendants. | |

15

HAYES, Judge:

16
17          The matters before the Court are the Motion to Dismiss the First Amended Complaint,
18  filed by all Defendants (Doc. # 49), and the Motion to Amend Complaint Pursuant to Rule 15
19  Fed. R. Civ. P. and Substitute Another Plaintiff for the Named Plaintiff, filed by Plaintiff Heidi
20  Hitt (Doc. # 59).

**I.      Background**

21
22          On May 2, 2008, Plaintiff initiated this action by filing the Complaint. (Doc. # 1). The
23  Complaint alleged that Defendants Arizona Beverage Co., LLC ("Arizona Beverage"), Hornell
24  Brewing Company, Inc. ("Hornell"), and Ferolito Vultaggio & Sons, Inc. ("Ferolito") engaged
25  in the unfair, unlawful, deceptive and fraudulent practice of describing their AriZona Tea drink
26  products as "100% Natural," "Natural," or "All Natural" when these drink products contain
27  one or more non-natural or artificial ingredients; and of listing fruit(s) in the name of certain
28  of their drink products when these drink products do not contain any significant amount of the
    fruit listed in the product's name.  The Complaint alleged the following causes of action: (1)

misleading and deceptive advertising, in violation of section 17500, *et seq.,* of the California Business and Professions Code, (2) untrue advertising, in violation of section 17500, *et seq.,* of the California Business and Professions Code, (3) unlawful business acts and practices, in violation of section 17200, *et seq.,* of the California Business and Professions Code, (4) unfair business acts and practices, in violation of section 17200, *et seq.,* of the California Business and Professions Code, (5) fraudulent acts and practices, in violation of section 17200, *et seq.,* of the California Business and Professions Code, and (6) violation of the Consumers Legal Remedies Act ("CLRA") (Injunctive and Declaratory Relief Only), section 1750, *et seq.,* of the California Civil Code.

On February 4, 2009, this Court issued an Order denying a motion to dismiss filed by Defendants. The Court concluded that Plaintiff's claims were not preempted by the Federal Food, Drug, and Cosmetics Act, 21 U.S.C. section 301, *et seq.,* and that the Complaint stated a claim upon which relief may be granted. (Doc. # 27). On February 23, 2009, Defendants filed an answer to the Complaint. (Doc. # 29).

On May 5, 2009, Plaintiff filed a motion for leave to file a first amended complaint. (Doc. # 37). Plaintiff requested leave to add an additional defendant, Beverage Marketing USA, Inc. ("BMU") and a demand for actual and punitive damages. On June 16, 2009, the Court granted the motion for leave to amend. (Doc. # 41).

On June 23, 2009, the Magistrate Judge entered a Scheduling Order, which stated: "Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before July 13, 2009." (Doc. # 43 at 2).

On July 1, 2009, Plaintiff filed the First Amended Complaint. (Doc. # 44). On July 16, 2009, Defendants filed the Motion to Dismiss the First Amended Complaint ("Motion to Amend"). (Doc. # 49). In the Motion to Dismiss, Defendants contend:

> 1. The plaintiff's claims against BMU, in the sixth cause of action in the First Amended Complaint, seeking actual damages, punitive damages and counsel fees under the California Consumer Legal Remedies Act, California Civil Code Section 1750, et seq. ('CLRA'), should be dismissed because plaintiff failed to comply with the notice requirements under Section 1782 of the CLRA.
>
> 2. The plaintiff's claims for an injunction against Hornell and BMU, set forth in the first through sixth causes of action in the First Amended Complaint,

should be dismissed for lack of standing.

3. The plaintiff's claims against BMU (set forth in the first through sixth causes of action in the First Amended Complaint) for: (a) alleged misleading, deceptive and untrue advertising (under California Business and Professional Code Section 17500, et seq.); (b) alleged unlawful, unfair and fraudulent business practices (under California Business and Professional Code, Section 17200, et seq.); and (c) for alleged unfair, unlawful and deceptive acts under the CLRA should be dismissed for Plaintiff's failure to plead allegations sounding in fraud with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

(Doc. # 49 at 2).

On July 28, 2009, the Court granted the joint motion to dismiss Defendant Arizona Beverage without prejudice. (Doc. # 52).

On August 14, 2009, Plaintiff filed an opposition to the Motion to Dismiss. (Doc. # 54). On August 24, 2009, the remaining Defendants filed a reply in support of the Motion to Dismiss. (Doc. # 55).

On September 28, 2009, Plaintiff filed the Motion to Amend Complaint Pursuant to Rule 15 Fed. R. Civ. P. and Substitute Another Plaintiff for the Named Plaintiff ("Motion to Amend"). (Doc. # 59). In the Motion to Amend, Plaintiff contends:

For personal reasons, [Plaintiff] Hitt no longer desires to serve as the class representative in this putative class action. She informed counsel of her desire not to be the class representative in this action very recently.... [J]ustice and judicial economy dictate permitting leave to substitute class representatives. If not, counsel will be left to refile with another Plaintiff and redo what has already been done in this litigation. Moreover, Defendants will not be overly prejudiced. Ms. Hitt has not sat for a deposition, nor has she answered discovery. If leave to substitute is granted, Defendants' written discovery will be identical to that sent to Ms. Hitt, thereby caus[ing] no delay, undue burden or prejudice.

(Doc. # 59 at 2). Plaintiff's counsel requests sixty days "to find and substitute a suitable named plaintiff class representative." (Doc. # 59-1 at 1-2).

On October 19, 2009, Defendants filed an opposition to the Motion to Amend. (Doc. # 65). Defendants contend that there has been "17 months of costly and contested litigation," during which Defendants "provided plaintiff ... with substantial discovery in the form of interrogatory answers and more than one thousand pages of documents; ... Defendants propounded and received discovery from Plaintiff bearing upon the merits of the case; ... a motion to dismiss was filed, fully briefed and is due to be decided; and ... [it is] more than three

(3) months after the court ordered deadline to add new parties." (Doc. # 65 at 1).  Defendants contend:

> In written discovery, Plaintiff has made admissions probative of the lack of merit to the claims asserted.  For example, Plaintiff has admitted to a variety of reasons for purchasing Defendants' products other than the one for which she claims she was deceived; admitted that she did not read the ingredients on the labels each time she purchased Defendants' products; admitted lack of knowledge of the contents of Defendants' products; admitted purchasing other food products that contain high fructose corn syrup ... and admitted that, after filing the complaint, she continued purchasing 'Defendants' All Natural Products.'  Plaintiff was unable to identify the specific products she purchased and could not explain any of the details of said purchases.

(Doc. # 65 at 2).  Defendants contend that this action is moot, because "there is no justiciable controversy remaining in this case given Plaintiff's desire to withdraw her claims."  (Doc. # 65 at 8).  Defendants also contend that they would be prejudiced if the Motion to Amend is granted because "the motion will require Defendants to redo all of the discovery they already undertook with respect to the Plaintiff.  This would mandate re-exploring the same issues that were already covered with the Plaintiff likely interfering with defenses already raised."  (Doc. # 65 at 11).

On October 26, 2009, Plaintiff filed a reply brief in support of the Motion to Amend. (Doc. # 67).  Plaintiff contends that granting leave to amend is far more efficient than requiring Plaintiff's counsel to file a new lawsuit with a new class representative.  Plaintiff also contends that if the Motion to Amend is denied, "the current putative class will be cheated out of eighteen ... months ... of claims, and a number of putative class members, who purchased the products at issue presently, will see their claims forever barred."  (Doc. # 67 at 8).

## II.      Motion to Amend

### A.      Standard of Review

Federal Rule of Civil Procedure 15(a), which governs requests for leave to amend pleadings, provides that "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend should be granted with "extreme liberality" in order "to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Accordingly, the burden of persuading the Court that leave should not be granted rests with the non-moving party. *See DCD Programs, Ltd. v. Leighton*, 833

F.2d 183, 186-87 (9th Cir. 1987).  However, where a plaintiff already has been granted leave to amend, the district court has "particularly broad" discretion in deciding subsequent motions to amend.  *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Leave to amend should be freely given unless the opposing party makes a showing of undue delay, bad faith or dilatory motive, futility of amendment, or prejudice.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("A district court ... may in its discretion deny leave to amend due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.")  (quotations omitted). "Not all of the factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight.  Prejudice is the touchstone of the inquiry under rule 15(a)."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quotation omitted).

When a pretrial scheduling order has been issued and the deadline for amending the pleadings has passed, resolution of a motion to amend is further governed by Rule 16 of the Federal Rules of Civil Procedure.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. Proc. 16(b)(4).  In interpreting the "good cause" requirement under Rule 16(b), the Court considers, primarily, "the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."  *Id.* (citation omitted).

**B.     Discussion**

In the Motion to Amend, Plaintiff's counsel seeks leave to substitute Plaintiff for an unnamed (and currently unknown) plaintiff.  The basis for this request is that "[t]he present

class representative decided not to proceed for personal reasons." (Doc. # 59-1 at 3).

"[A]fter a class has been certified, Courts regularly allow replacement of the named plaintiff." *Miller v. Mercedes-Benz USA*, No. CV 06-5382, 2009 WL 1393488, at *1 (C.D. Cal., May 15, 2009) (citing *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331 (11th Cir. 2003) (giving class counsel time to find new class representative for certified class after named plaintiff became ineligible); *Brookhaven Hous. Coal. v. Sampson*, 65 F.R.D. 24 (E.D.N.Y. 1974) (requiring notice of motion to dismiss for lack of standing be provided to class members for possible substitution as named plaintiff)). "[T]he reason substitution is appropriate after class certification is that 'once certified, a class acquires a legal status separate from that of the named plaintiffs,' such that the named plaintiff's loss of standing does 'not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have live claims.' This line of reasoning is inapposite ... where no class has yet been certified." *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-5444, 2009 WL 2959838, at *3 (C.D. Cal., Sept. 10, 2009) (quoting *Birmingham Steel Corp.*, 353 F.3d at 1036); *see also Miller*, 2009 WL 1393488, at *1 (same). In *Miller*, the district court denied a motion for class certification due to the inadequacy of the named class representative, and denied plaintiff's counsel's request to substitute a new class representative. *See id.* at *2. The Court stated that "[t]he Court does not appreciate, or approve of, this bait-and-switch tactic." *Id.* (citing *Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir. 1973) ("[W]here the original plaintiffs were never qualified to represent the class, a motion to intervene represents a back-door attempt to begin the action anew, and need not be granted.")).

When deciding whether substitution of plaintiffs may be permitted after the named plaintiff's claims are voluntarily dismissed or otherwise become moot, the paramount consideration is whether the putative class has been certified. *See Kremens v. Bartley*, 431 U.S. 119, 132-33 (1977) ("[I]t is only a 'properly certified' class that may succeed to the adversary position of a named representative whose claim becomes moot."); *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1123 (9th Cir. 2009) ("Because the plaintiffs voluntarily settled all of their claims after the district court's denial of certification, they have failed to retain a

personal stake in the litigation and their case is moot.  Accordingly, we dismiss the appeal for lack of jurisdiction."); *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007) ("Appellee's voluntary dismissal of their claims before the putative class was certified renders the appeal of the interim lead plaintiff order moot.  A suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified.  In these situations there is no longer a 'case or controversy' to be decided within the meaning of Article III of the Constitution.") (quotation omitted); *Cox v. McCarthy*, 829 F.2d 800, 804 (9th Cir. 1987) (ordering district court to dismiss habeas proceedings as moot, where district court had denied class certification and named plaintiffs' claims became moot); *Kuahulu v. Employers Ins. of Wausau*, 557 F.2d 1334, 1336-37 (9th Cir. 1977) ("If the district court had certified appellant's class prior to appellant's own claim[] becoming moot, we would not dismiss this appeal for mootness.  In such a case, remand to the district court would be appropriate in order to determine whether a substitute representative would be available.") (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975) ("[I]t seems clear that a case or controversy no longer exists between the named plaintiffs and the petitioners with respect to the validity of the rules at issue.  The case is therefore moot unless it was duly certified as a class action pursuant to Fed. Rule Civ. Proc. 23...."));  *cf. Sosna v. Iowa*, 419 U.S. 393, 401 (1975) (finding that the controversy remained "very much alive" for class of persons plaintiff was certified to represent, notwithstanding fact that controversy was no longer live for named plaintiff); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 987 (9th Cir. 2007) (explaining that "what saved *Sosna* from becoming moot was class certification") (citations and quotations omitted).

In this case, although Plaintiff brings a putative class action, no class has been certified. Accordingly, the putative class has not "acquire[d] a legal status separate from that of the named plaintiff[]."   *Birmingham Steel Corp.*, 353 F.3d at 1036.  Because Plaintiff has informed her counsel that she no longer wishes to prosecute her action, "there is no longer a 'case or controversy' to be decided within the meaning of Article III of the Constitution."

1   *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund*, 498 F.3d at 924.  For this

2   reason, the Motion to Amend is denied.

3       Even if there was a "case or controversy," Defendants have shown that granting the

4   Motion to Amend would cause Defendants undue prejudice.  Defendants have participated in

5   substantial discovery, including discovery related specifically to the named Plaintiff.

6   Defendants have brought a Motion to Dismiss, raising defenses specific to the named Plaintiff.

7   The Motion to Dismiss is now fully briefed.  Defendants have shown that granting the Motion

8   to Amend would effectively moot the Plaintiff-specific work Defendants have done.  *See*

9   *Velazquez*, 2009 WL 2959838, at *3 (denying leave to substitute a new named plaintiff in a

10  putative class action when the named plaintiffs "elected to withdraw," because granting the

11  motion to amend would "moot[] the substantial amount of discovery that has already been

12  completed regarding the [named plaintiffs]" as well as the work done related to "a motion to

13  dismiss dealing with issues particular to the [named plaintiffs]").  The Court concludes that this

14  prejudice to Defendants warrants denial of the Motion to Amend.

15      Finally, the Motion to Amend was filed after the July 13, 2009 deadline in the

16  Scheduling Order for "[a]ny motion to join other parties, to amend the pleadings, or to file

17  additional pleadings."  (Doc. # 43 at 2).  Accordingly, Plaintiff must also show that "good

18  cause" exists for the delay in seeking the amendment. Fed. R. Civ. Proc. 16(b)(4); *see also*

19  *Johnson*, 975 F.2d at 609.  "[T]he focus of the inquiry is upon the moving party's reasons for

20  seeking modification." *Johnson*, 975 F.2d at 609.  Plaintiff asserts that the Motion to Amend

21  was precipitated by unspecified "personal reasons."  (Doc. # 59 at 2).  Although the Motion

22  to Amend states that Plaintiff "informed counsel of her desire not to be the class representative

23  in this action very recently," *id.*, the Motion does not indicate when Plaintiff decided that she

24  did not want to be the class representative or when the "personal reasons" which led to this

25  decision arose.  Given this lack of information, the Court cannot find that good cause exists

26  for modifying the Scheduling Order.  For this additional reason, the Motion to Amend is

27  denied.

28  //

1

### III.    Conclusion

2    IT IS HEREBY ORDERED that the Motion to Amend is **DENIED**.  (Doc. # 59).  No

3  later than **twenty (20) days** from the date of this Order, Plaintiff shall file a motion for

4  voluntary dismissal or an affidavit indicating that she will pursue this action as the named

5  plaintiff and representative of the putative class.  If Plaintiff files an affidavit indicating she

6  will continue with the action, the Court will rule upon the pending Motion to Dismiss the First

7  Amended Complaint, filed by all Defendants (Doc. # 49).

8  DATED:  November 24, 2009

9    _William Q. Hayes_

10    **WILLIAM Q. HAYES**
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28